**Lillian BENCHIC, et al., Tim Arden, et al., Plaintiffs,**

**v.**

**CENTURY ENTERTAINMENT CORP., et al., Defendants.**

**In the Matter of CENTURY ENTERTAINMENT CORP., et al., Debtors.**

Adv. Nos. 3–81–0242, 3–81–0516.
Bankruptcy No. 3–80–04024.

United States Bankruptcy Court,
S. D. Ohio, W. D.

May 14, 1982.

Larry Crowell, George Ledford, Englewood, Ohio, for debtor.

Ronald Burdge, Franklin, Ohio, for petitioning creditors (plaintiffs).

Herbert Ernst, Jr., Dayton, Ohio, Trustee.

Marvin A. Sicherman, Cleveland, Ohio, for Westinghouse Credit Corp.

John W. Zeiger, Columbus, Ohio, R. L. Cousineau, Dayton, Ohio, for Sun America Financial Corp.

Robert E. Tait, James M. Ball, Robert Werth, Columbus, Ohio, for Beneficial Finance of Kentucky, Beneficial Finance of Ohio, West Beneficial Finance, Inc., Com. Loan Co., and Capital Sav. & Loan Co.

Marshall C. Ruchman, Dayton, Ohio, for Thorp Credit Inc.

William E. Shirk, Lakeview, Ohio, for Raymond Hite.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

On 19 December 1980 Century Entertainment Corp. instituted a case for reorganization under 11 U.S.C. Chapter 11. There being no possibility of a viable Plan of Reorganization, an Order was entered on 12 April 1982 converting the case to a Chapter 7 administration, upon application of the Debtor.

This matter is before the Court upon Plaintiffs' Motion to Transfer Adversary Number 3–81–0242 from this Court to the Civil Division of the United States District Court for the Southern District of Ohio, Western Division, Dayton, Ohio. This action was conditionally consolidated with Adversary Number 3–81–0516 on 22 February 1982. Both actions allege that Defendants, including Debtor, are liable to Plaintiffs for breach of contract, and for violations of the "Truth in Lending" Act, (in particular 15 U.S.C. § 1601, et seq. and Reg. Z § 226.6(d) thereof); the Federal Trade Commission Act, 15 U.S.C. § 41, et seq. 16 C.F.R. §§ 429 and 433; and numerous state consumer protection statutes. The actions contain largely duplicative pleadings on these substantive issues. The key distinction between the two is that Adversary Number 3–81–0242 is a class action (which was conditionally certified on 23 February 1982), whereas Adversary Number 3–81–0516 is an identical proceeding in which the numerous Plaintiffs are acting collectively under principles of joinder.

Plaintiffs move that the instant class action be separated from Adversary 3–81–0516, and transferred to the District Court to which this Court is "adjunct," by statutory reference. 28 U.S.C. § 151(a). Plaintiffs argue, as follows:

> For good cause shown, plaintiffs state that with the apparent demise of the defendant-debtor, Century Entertainment Corporation, it would appear that the best interest of the parties' hereto, and in the interests of judicial economy for this court, that this matter should be transferred to the Civil Division for further litigation.

As an adjunct of the District Court, this Court has the inherent authority to transfer this action. Further, while venue and jurisdiction were properly laid in this Court, with the apparent collapse of the defendant-debtor herein, it would appear that the court should refrain from exercising jurisdiction. However, the simple dismissal of this action would result in extreme prejudice to the named and unnamed plaintiffs in this class action case, for the reason that the statute of limitations applicable to some of the claims in the Complaint would bar any recovery.

The Court notes that Plaintiffs do not provide any citation of authorities or case precedents, either as to the "transfer" or as to why applicable statutes of limitations are not stayed. Although not determinative of the issue as to the requested "transfer," attention is directed to the proposition that the pending class action in the bankruptcy court would toll applicable statutes of limitations as to all members of the Class. See *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The initial question before the Court is whether this Court, as an "adjunct" to the District Court, possesses the discretion to "transfer" matters within this Court's vested jurisdiction to the District Court. It is the determination of this Court that it is not so empowered. The term, "transfer," when ascribed to the procedural mechanism to move a proceeding from one forum to another, is a misnomer if applied outside the context of a change of venue between forums with an identical jurisdictional statutory base, i.e. a change for one bankruptcy court to another bankruptcy court. 28 U.S.C. § 1475.

The creation of this Court as an "adjunct" to the District Court does not alter this perception of "transfer" as a mechanism for changing venue. The District Court is vested with "original and exclusive jurisdiction over all cases under title 11," (28 U.S.C. § 1471(a)), and with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11," (28 U.S.C. § 1471(b)). The District Court's jurisdiction under title 11, however, should not be exercised by the District Court as a trial court. Instead, Congress has mandated that the Bankruptcy Court, as "adjunct," "shall exercise all of the jurisdiction conferred by this section . . ." in a scheme which contemplates the independent exercise of the District Court's bankruptcy jurisdiction by the Bankruptcy Court, subject to appellate review by the District Courts or the United States Courts of Appeals. 28 U.S.C. §§ 1334 and 1471(c). The use of the word, "adjunct," was not intended to imply, as contended by Plaintiffs, the existence of a dual forum option within the discretion of the Bankruptcy Judge, for the consideration of bankruptcy matters at the trial level.

■ Under the circumstances *instanter*, the only procedural means for "transfer" to the District Court would be abstention by this Court in deference to the exercise of District Court jurisdiction vested otherwise than by 28 U.S.C. § 1471. 28 U.S.C. § 1471(d). As indicated in the legislative history,

> Subsection [d of 28 U.S.C. § 1471] permits the bankruptcy court, in the interest of Justice, to abstain from hearing a particular proceeding arising under title 11 or arising under or related to a case under title 11, and makes the abstention, or

a decision not to abstain unreviewable. The subsection recognized the exigencies that arise in such cases as *Thompson v. Magnolia Petroleum*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), in which it is more appropriate to have a State court hear a particular matter of State law. The bankruptcy courts will not abstain, however, when no other court, Federal, State or local, has jurisdiction over the proceeding in question. This clearly would not be in the interests of justice. House Committee on the Judiciary, H.R.No. 95–595, 95th Cong., 1st Sess. (1977), p. 445, U.S.Code Cong. and Admini.News 1978, 5787, 6400; cited in *In Re Unit Parts Co.*, 9 B.R. 380, 7 B.C.D. 432, B.L.D. ¶ 68040, 4 C.B.C.2d 145 (Bk.W.D. Okla.1981)

Assuming, *arguendo*, that a "transfer" to the District Court lies because of an accepted practice prior to enactment of the 1978 Bankruptcy Code and the traditional quandary over the concepts of the "summary" and "plenary" jurisdictional aspects of the Bankruptcy Act, this Court would concur with and adopt the comment in the Collier Pamphlet Edition of Bankruptcy Rules to Rule 915 of Bankruptcy Procedure (pertaining to objections to jurisdiction antedating the Code), as follows:

> The provisions in subdivision (b) regarding transfer of a proceeding, matter or part thereof to the docket of the district court has been superceded by 28 U.S.C. §§ 1471 *et seq.*, added by Section 241 of the Bankruptcy Reform Act of 1978. [abolishing the summary/plenary distinctions].*

The grounds for abstention so that the matter may be considered by the District Court, however, are not *prima facie* estab-

---

* By supplemental reply memorandum, Plaintiff, citing Pub.L. 95 598, Title IV, § 402(b), argues that 28 U.S.C. § 1471 is not effective until 1 April 1984. Plaintiff therefore concludes that Bankruptcy Rule 915 is not superceded by the Code, and is thus conclusive citation herein. Note Pub.L. 95 598, Title IV, § 405(d). The Court notes that although 28 U.S.C. § 1471 is not effective until 1 April 1984, (Pub.L. 95–598, Title IV, § 402(b)), as to the court system as then constituted, it is, nevertheless, explicitly operative during the "transition" period by Pub.L. 95–598, Title IV, §§ 404(a) and 405(b). The Court also notes that Plaintiff concedes that 28 U.S.C. § 1471 supercedes Bankruptcy Rule 915. Exhaustive repetition of the frequent analyses of the historical derivation of the conceptual intent of the word "adjunct" would now serve no purpose.

lished by the record to date, and the Court notes the possibility of complications in establishing an independent jurisdictional basis for District Court consideration, in light of the numerous state law claims and the specific jurisdictional statutes in the Federal Trade Commission Act. See 15 U.S.C. § 45(a)(6), (b) and (d).

It is unnecessary to analyze or comment upon the original jurisdictional factors applicable to the United States District Courts or whether jurisdiction does or does not exist in a diversity or a federal question context. This aspect is obviously within the exclusive jurisdiction and control of the District Court to be raised by a direct action therein, not a province of the bankruptcy court by a contrived "transfer," or otherwise.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Transfer is DENIED.