**HELENA CHEMICAL COMPANY, Plaintiff,**

v.

**Bernard MANLEY and Larry B. Cooper, Defendants.**

**Adv. No. 85–1019.**

United States Bankruptcy Court, N.D. Mississippi, E.D.

Jan. 29, 1985.

Jerome C. Hafter, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for Helena Chemical Co.

William H. Leech and James O'Mara, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., and J. Joshua Stevens, Jr., Tubb, Stevens & Morrison, West Point, Miss., for Bernard Manley and Larry B. Cooper.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

CAME ON for hearing the application to remove the above styled and numbered case from the United States District Court, Northern District of Mississippi, to the United States Bankruptcy Court, Northern District of Mississippi, as well as, the application to transfer the case from the United States Bankruptcy Court, Northern District of Mississippi, to the United States Bankruptcy Court, Southern District of Mississippi, to be litigated as an adversary proceeding in Case No. 84–01478MC, styled In Re: Rico Corporation, a/d/b/a Trulock Southern Farm Supply, Debtor, both of said applications having been filed by the above Defendants, Bernard Manley and Larry B. Cooper; and the Motion to Remand or, in the Alternative, for Withdrawal of Referral, and in Opposition to Change of Venue, filed by the above Plaintiff, Helena Chemical Company; all parties being represented before the Court by their respective attorneys of record; on presentation of affidavits, exhibits, and oral argument; and the Court having heard and considered same, finds as follows, to-wit:

## I.

### FINDINGS OF FACT

On February 11, 1982, the Defendants, Bernard Manley and Larry B. Cooper, executed a "Guaranty Agreement" whereby they personally guaranteed payment to the Plaintiff, Helena Chemical Company, hereinafter referred to as Helena Chemical, for all debts incurred by Trulock Southern Farm Supply, a trade name utilized by Rico Corporation. The personal guaranty permits Helena Chemical to proceed directly against the two guarantors without previous notice or requiring the prosecution of the claim against the principal Debtor. The guaranty further provides that the insolvency or bankruptcy of the principal Debtor shall in no respect affect the liability of the guarantors. Following a substantial default in the indebtedness, Helena Chemical filed suit on June 6, 1983, against the principal Debtor, Rico Corporation, a/d/b/a Trulock Southern Farm Supply, hereinafter referred to as Rico, as well as, the two individual guarantors in the United States District Court for the Northern District of Mississippi. On October 16, 1984, Rico filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of Mississippi. Thereafter, on December 28, 1984, Rico was dismissed as a co-defendant in the District Court case. Helena Chemical filed a motion seeking summary judgment against the two individual guarantors on November 29, 1984, but prior to a decision being rendered on the motion, the individual guarantors filed their application to remove the case to the United States Bankruptcy Court, Northern District of Mississippi, accompanied by an application to transfer the case for reasons of venue from the United States Bankruptcy Court, Northern District of Mississippi, to the United States Bankruptcy Court, Southern District of Mississippi, to be tried as an adversary proceeding in the Rico Chapter 11 bankruptcy case. Both applications were filed in the Bankruptcy Court as opposed to the District Court where the case was pending. In response, Helena Chemical, filed a Motion to Remand or, in the Alternative, for Withdrawal of Referral, and in Opposition to Change of Venue.

## II.

### CONCLUSIONS OF LAW

In attempting to respond to the United States Supreme Court decision rendered in

*Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), rather than conferring Article III status to United States Bankruptcy Judges, Congress redefined the jurisdictional authority granted to the United States Bankruptcy Courts by the Bankruptcy Reform Act of 1978, and in so doing, reconstituted the bankruptcy judges as "units" of the district courts to be known as the bankruptcy courts. 28 U.S.C. § 151 provides the following:

"In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court."

Cases manage to reach the bankruptcy courts pursuant to the procedure outlined in 28 U.S.C. § 157(a), which provides as follows:

(a) Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district.

The passage quoted above spawned the general orders of reference of all "bankruptcy matters" from the district courts to the bankruptcy courts. The remaining subsections of 28 U.S.C. § 157 provide modest insight to such esoteric concepts as "core proceedings", "related proceedings", consensual referral of related proceedings, the standards of appellate review to be applied by the district courts, "discretionary" withdrawal of reference, and "mandatory" withdrawal of reference.

■ Initially, the Defendants' Application for Removal cites as authority for such removal 28 U.S.C. § 1452(a), which provides as follows:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this Title.

The section quoted immediately hereinabove, was enacted as a part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, and became effective July 10, 1984. This section effectively repealed 28 U.S.C. § 1478(a), which had been formerly enacted as a part of the Bankruptcy Reform Act of 1978. For purposes of comparison, § 1478(a) is set forth hereinbelow:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such governmental unit's police or regulatory power, to the *bankruptcy court* for the district where such civil action is pending, if the *bankruptcy courts* have jurisdiction over such claim or cause of action. (emphasis added)

The provisions quoted from the Bankruptcy Amendments and Federal Judgeship Act of 1984 reflect a fundamental difference in the bankruptcy court structure existing now as opposed to when 28 U.S.C. § 1478(a) was enacted. Likewise Rule 9027, Rules of Bankruptcy Procedure, which became effective on August 1, 1983, prior to the effective date of the bankruptcy amendments, was geared specifically to the provisions of 28 U.S.C. § 1478(a). Since this section has now been repealed, the overall thrust of Rule 9027 has become unworkable. This rule, along with numerous others, will have to be redrafted so that it will properly interface with the new bankruptcy court structure and the bankruptcy amendments.

Former § 1478(a) provided for removal to the bankruptcy court which impliedly meant that a case could be removed from a district court to a bankruptcy court. The removal provision now in effect, § 1452(a), provides for removal to the district court, not the bankruptcy court per se nor the bankruptcy court as a unit of the district court. Therefore, this Court construes the new section to provide primarily for the removal when appropriate of cases from the state courts, not from the federal district courts.

Therefore, the Defendants' application to remove the above styled case to this Court in reliance on 28 U.S.C. § 1452(a), as well as, Bankruptcy Rule 9027 is not well taken since neither this section nor the enumerated rule provide a basis for such removal.

### III.

■ From the factual findings, as set out hereinabove, this Court is of the opinion that at this time the case of Helena Chemical versus the Defendants, Manley and Cooper, is a "non-core" or "related" proceeding to the Rico Corporation bankruptcy case now pending in the United States Bankruptcy Court, Southern District of Mississippi, all as contemplated in 28 U.S.C. § 157(c). As such, this Court finds that the proper procedural method to have the case litigated in the bankruptcy court is for the Defendants to petition the district court to refer the case specifically as a "related matter" to the bankruptcy court pursuant to 28 U.S.C. § 157(a), or in the alternative, with the consent of all parties to the proceeding, to petition the district court to refer the proceeding specifically as a "related matter" to the bankruptcy court to enter a final order and/or judgment pursuant to 28 U.S.C. § 157(c)(2). Under the first alternative, the bankruptcy court could only submit proposed findings of fact and conclusions of law to the district court, *to which it belongs as a unit,* with the final order to be entered by the district judge after specifically reviewing de novo any objections filed by a party to the findings of fact and conclusions of law. Under the second alternative, the review by the district court would be in conformity with 28 U.S.C. § 158, as well as, the Rules of Bankruptcy Procedure, particularly Rule 8013, which provides that findings of fact shall not be set aside unless clearly erroneous.

In support of the application for removal, the Defendants advanced the position that the general Orders of Referral, dated July 27, 1984, and August 6, 1984, entered by the United States District Court for the Northern District of Mississippi, pursuant to the authority granted by 28 U.S.C. § 157(a), have by their terms already referred the above styled case to the Bankruptcy Court. These Orders respectively provide as follows, to-wit:

### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

### ORDER NUNC PRO TUNC OF REFERENCE OF BANKRUPTCY MATTERS TO UNITED STATES BANKRUPTCY JUDGE

The United States District Court for the Northern District of Mississippi, hereby ORDERS NUNC PRO TUNC:

That pursuant to the authority granted to this United States District Court in Title I, Section 104(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (to be codified at 28 U.S.C. §§ 151–158, particularly 28 U.S.C. § 157), all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred nunc pro tunc June 27, 1984, to the United States Bankruptcy Judge for the Northern District of Mississippi for consideration and resolution consistent with the law.

All papers in cases or proceedings arising under or related to Title 11 shall be filed with the bankruptcy court for this district.

This order, which is effective from and after June 27, 1984, applies to all pending bankruptcy cases and proceedings, except those on appeal to the district court; and

all bankruptcy cases and proceedings hereinafter filed in the Northern District of Mississippi.

The Bankruptcy Amendments and Federal Judgeship Act of 1984, being presumptively constitutional and no court of competent jurisdiction having declared otherwise, this court in the person of its two active judges, and one senior judge, has the duty of implementing said Act.

The United States Bankruptcy Judge for the Northern District of Mississippi, David W. Houston, III, be, and he hereby is directed nunc pro tunc to exercise the full authority and all responsibilities conferred upon him by the Bankruptcy Amendments and Federal Judgeship Act of 1984 by this order of reference, said order to be effective from and after June 27, 1984.

ORDERED and ADJUDGED this the 27th day of July, 1984.

/s/ L.T. Senter, Jr.
L.T. SENTER, JR.
CHIEF UNITED STATES.
DISTRICT JUDGE
NORTHERN DISTRICT OF
MISSISSIPPI

UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN
DISTRICT OF MISSISSIPPI

ORDER OF REFERENCE OF BANK-
RUPTCY CASES AND PROCEED-
INGS NUNC PRO TUNC

Pursuant to Section 104 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. Section 157, it is hereby

ORDERED nunc pro tunc as of June 27, 1984, that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 which were pending in the Bankruptcy Court of the Northern District of Mississippi, on June 27, 1984, which have been filed in this district since that date and which may be filed herein hereafter (except those cases and proceedings now pending on appeal) be and they hereby are referred to the Bankruptcy Judge of this district for consideration and resolution consistent with law.

It is further ORDERED that the Bankruptcy Judge for the Northern District of Mississippi, be, and he hereby is directed to exercise the authority and responsibilities conferred upon him as Bankruptcy Judge by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and this court's order of reference, as to all cases and proceedings covered by this order from and after June 27, 1984.

In accordance with 28 U.S.C. Section 157(b)(5), it is further ORDERED that all personal injury tort and wrongful death claims arising in or related to a case under Title 11 pending in this court shall be tried in, or as determined by, this court and shall not be referred by this order.

SO ORDERED this the 6th day of August, 1984.

/s/ L.T. Senter, Jr.
CHIEF UNITED STATES
DISTRICT JUDGE

This Court is of the opinion that the general terminology recited in the aforementioned orders is insufficient to refer a pending action in the district court to the bankruptcy court for that same district. It was not the intention of the United States District Judge, nor this Bankruptcy Judge, that such a result would be contemplated. When these two orders were entered, Rico Corporation had not yet become a Chapter 11 debtor in the United States Bankruptcy Court for the Southern District of Mississippi. Under the circumstances prevailing in this case, a specific order of reference, as discussed hereinabove, should be entered by the district court prior to any proceedings being conducted by this bankruptcy court.

IV.

In view of the fact that this Court has found that the removal of the above styled and numbered case is improper, the application to transfer this case to the United States Bankruptcy Court for the Southern District of Mississippi is rendered moot and

will not be considered at this time. However, for further reference, this Court is of the opinion that the application (motion) to transfer for reasons of venue should first be filed in the district court requesting transfer to the other appropriate district court. If successful, the moving party could then request the reference to the bankruptcy court as discussed hereinabove.

Deciding the *merits* of this case has already been defined as a "related" matter; deciding whether the case has been properly removed to this Court is obviously not. An Order will be entered consistent with this Opinion.