**In the Matter of Abimael HERNANDEZ GONZALEZ, Debtors.**

**Bankruptcy No. B–86–01856(ESL).**

United States Bankruptcy Court,
D. Puerto Rico.

March 18, 1987.

Abimael Hernandez Gonzalez, pro se.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This matter is before the Court upon the application for removal filed by Abimael Hernandez Gonzalez requesting that case number 74–1747, Abimael Hernandez, et als. v. Eduardo Maldonado, et al., Superior Court, San Juan Part, be removed to the bankruptcy court. The application is in the form of a motion.

Removal of state court actions under the Bankruptcy Reform Act of 1978 was controlled by 28 U.S.C. § 1478, Rule 7001(10) and Rule 9027. However, pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, removals are now governed by 28 U.S.C. § 1452. Consequently, Section 1478 is no longer effective and Rule 9027, drafted in light of Section 1478, may no longer be controlling. Bkr. L.Ed. § 2:42, Collier on Bankruptcy, 15th Edition, ¶ 3.01[5]; *In re Eagle Bend Development,* 61 B.R. 451 (Bankr.W.D.La.1986); *Helena Chemical Co. v. Manley,* 47 B.R. 72, 12 B.C.D. 966 (Bankr.N.D.Miss.1985).

■ Under 28 U.S.C. § 1452(a) removals are to the U.S. District Court. Within the

district court there is a unit known as the bankruptcy court. 28 U.S.C. § 151. Bankruptcy judges, as judicial officers of the district court, may hear core proceedings referred by the district court. 28 U.S.C. §§ 151, 157. By resolution of the district court there is an automatic general referral of bankruptcy cases and proceedings. The resolution entered on July 19, 1984 states as follows:

"Pursuant to section 157(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, it is hereby resolved that all cases under title 11 of the United States Code, 11 USC 101 et seq., and all proceedings arising under title 11 of the United States Code, supra, or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district of Puerto Rico."

Accordingly, a removal of state claims related to a bankruptcy case may be filed with the bankruptcy court. The removal will be deemed to have been filed with the district court as the bankruptcy court is a unit of the district court and all proceedings related to a bankruptcy case have been referred to the same. *In re North American Funding*, 64 B.R. 795 (Bktcy S.D.Tex.1986).

The application for removal must be done by the filing of an adversary proceeding. Rules 7001(10) and 9027(h), present and proposed amendments. Norton Bankr. L. & Proc., Rule 7001, page 329.

It appearing that the application by Abimael Hernandez Gonzalez was in the form of a motion and not an adversary proceeding, the same is hereby denied and dismissed.

IT IS SO ORDERED.