In re Abimael
**HERNANDEZ–GONZALEZ,**
Debtor.

Abimael **HERNANDEZ–GONZALEZ,**
**Movant–Appellant,**

v.

Eduardo **MALDONADO–SIERRA, et al.,**
**Respondents–Appellees.**

**Civ. No. 87–0562CC.**

United States District Court,
D. Puerto Rico.

Oct. 17, 1988.

Abimael Hernández–González, San Juan, P.R., pro se.

Rodrigo Otero–Bigles, Hato Rey, P.R., for respondents-appellees.

## ORDER

CEREZO, District Judge.

This case is before us on appeal by debtor Abimael Hernández González from dismissal of his application to the Bankruptcy Court for removal of the case *Abimael Hernández, et al v. Eduardo Maldonado, et al*, No. 74–1747 from the Superior Court of Puerto Rico, San Juan Part. The application was in the form of a motion.

■ The court below found the claims removable but ruled as follows:

> The application for removal must be done by the filing of an adversary proceeding. Rules 7001(10) and 9027(h), present and proposed amendments. Norton, Bankr. L. & Proc.Rule 7001, page 329.
>
> It appearing that the application by Abimael Hernández González was in the form of a motion and not an adversary

1. Four exceptions to the power of removal appear in 28 U.S.C. Section 1452(a). These are:
   1) non-civil actions,
   2) tax-court proceedings,
   3) certain civil actions by governmental units, and
   4) claims or causes of action over which the district court does not have jurisdiction.
   This case does not fall within one of these exceptions.

2. The remand may be made on "any equitable ground," which includes:

proceeding, the same is hereby denied and dismissed.

Appellees contend that the Bankruptcy Court's decision to dismiss the petition for removal is essentially a decision to remand and that, therefore, we have no jurisdiction to entertain this appeal. We find this argument meritless.

The Court below found the case to be removable.[1] While 28 U.S.C. Section 1452(b) gives broad discretion to the district court to which the claim or cause of action has been removed to remand it back to the originating court, the Bankruptcy Court made no findings as to a reason to remand.[2]

Most indicative of its intent, however, is the fact that the Bankruptcy Court did not follow the procedure for effecting a remand. Rule 9027(e) dictates that:

> Unless the district court orders otherwise, a motion for remand shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion. .... Review by the district court of the report and recommendation shall be governed by Rule 9033.

We, therefore, find that the court's order does not constitute an order to remand the action, but as is clearly expressed in the opinion, is a dismissal out of hand based upon a procedural matter.

■ We move on to an analysis of the *Bankruptcy Court's* decision.

Rule 7001(10) states, in pertinent part:

> An adversary proceeding is governed by the rules of this Part VII. It is a proceeding ... (10) to determine a claim or

1) forum nonconveniens;
2) a holding that, if the civil action has been bifurcated, the entire action should be tried in the same court;
3) a holding that a state court is better able to respond to a suit involving questions of state law;
4) the expertise of the court in which the matter was pending originally, e.g., Claims Court or Customs Court.
(Citations omitted.) *Collier on Bankruptcy,* Vol. I, paragraph 3.01(g), p. 3–93.

cause of action removed pursuant to 28 U.S.C. Section 1452.

Rule 9027(h) states that:

[T]he rules of Part VII apply to a claim or cause of action removed to a district court from a federal or state court and govern after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under the rules of Part VII within 20 days following the receipt through service or otherwise of a copy of the initial pleading setting forth the claim relief on which the action or proceeding is based, within 20 days following service of summons on such initial pleading, or within five days following the filing of application for removal, whichever period is longest.

Neither the cited rules nor Norton appear to support the Bankruptcy Court's analysis. Section (h) of Rule 9027 is clear in that repleading is unnecessary unless ordered by the Court. Considering that the actions removed are generally already adversarial in nature at the time of their removal, the exceptional nature of repleading is logical.

The procedure for removal of a case because of its relationship to a bankruptcy proceeding is not unlike the removal of an ordinary case from state court to federal court:

An application by the party seeking removal must be filed which is verified (sic). The application shall state the facts grounding removal and contain a copy of all process and pleading in the action. It is to be filed with the bankruptcy court in the district in which the action is pending which is sought to be moved. . . .

As soon as the application and bond have been filed the party removing must promptly serve all parties to the action with a copy of the application and any required bond and file the application with the clerk of the court where the action to be removed is pending. This

latter filing is what causes the removal to occur. . . .

Adversary proceeding rules apply thereafter, but unless the court so orders, repleading is not necessary. If the pleading rules are different in the court from which the case was removed, it may be worth considering repleading.

D. Cowans, *Bankruptcy Law and Practice*, Vol. 3, Bankruptcy Procedure Section 3.25, pp. 325–26 (1987 ed.)

We are somewhat puzzled by the Court's action in this case, in that the removed proceeding was already an adversarial one. Had the court wanted new pleadings, it should have ordered the debtor to file them. We find that outright denial and dismissal of the application is too harsh a sanction for failing to follow the exception to the rule.

The March 19, 1987 Order of the Bankruptcy Court, 73 B.R. 296, is, therefore, REVERSED. The application for removal is reinstated and the action is remanded for further proceedings.[3]

SO ORDERED.

---

**3.** The bankruptcy court will begin with consideration of the motion to remand on its merits.