**CENTRUST SAVINGS BANK,**
**et al., Plaintiffs,**

v.

**Jay L. LOVE, et al., Defendants**
**and Third-party Plaintiffs,**

v.

**Michael M. McIVER, Third-**
**party Defendant.**

**Civ. A. No. H–88–84.**

United States District Court,
S.D. Texas.

June 18, 1991.

Paul J. Coselli, Houston, Tex., for defendants and third party plaintiffs.

Howard B. Butler, Jr., Houston, Tex., for third party defendant.

## OPINION ON ATTEMPTED REMOVAL

HUGHES, District Judge.

### 1. *Introduction.*

While McIver was a debtor in bankruptcy court, he was brought into this federal district court action as a third-party defendant. McIver then tried to remove the case from this court to the bankruptcy court, by filing a notice of removal and declining further to appear. A case is never removed from a United States district court to the bankruptcy court.

### 2. *History.*

Chatfield Bank made loans to a group of investors on their promissory notes secured by deeds of trust on 88 condominium units. Chatfield Bank assigned these notes to various financial institutions; they are the plaintiffs.

In June 1985, the owners conveyed these condominiums to McIver, subject to the original debts. That November, McIver defaulted on the notes, and he filed under Chapter 11 in the bankruptcy court on November 5, 1985 (85–07238–H1–5). At that time, in this action, the various note holders sued the original condominium owners, who then filed a third-party action against McIver, alleging he violated the terms of the notes.

The note holders and the unit owners settled in November 1989, and the court entered a partial dismissal without prejudice. As a result, the only claim remaining in this action is the third-party action against McIver. A motion for summary judgment by the third-party plaintiffs pended. In the face of a hearing notice, McIver attempted to remove this case to the bankruptcy court by filing a notice of removal and failing to appear at the hearing.

### 3. *Bankruptcy Court.*

Neither bankruptcy judges nor bankruptcy courts are courts within the judicial power of the United States. U.S. Constitution, Article III; *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* 458 U.S. 50, 60–61, 102 S.Ct. 2858, 2866, 73 L.Ed.2d 598 (1982). The bankruptcy courts are merely the current version of the assistants for bankruptcy matters who were created for the convenience of the district courts; whether they are called referees or judges, they are essentially masters in chancery. *T.O.S. Industries Inc. v. Ross Hill Control Corp.,* 72 B.R. 749, 752 (Bankr.S.D.Tex.1987). Even without the historical apparatus of bankruptcy to examine, the current structure of this court makes it obvious that the bankruptcy court is an adjunct of the district court. 28 U.S.C. § 152(a) & (e). The bankruptcy court is a unit of the district court, and bankruptcy judges are judicial officers of the district court. 28 U.S.C. § 151. The district court determines the duty stations of the judges, their case assignments, local rules, and, in this district, furnishes its clerk.

### 4. *Removal.*

A case is removed to the district court, not to the bankruptcy court, even when there is a bankruptcy action pending. The general removal statute allows a defendant in a state action to reach the federal district court by the filing of a notice of removal, if the district court has original jurisdiction. 28 U.S.C. § 1441. "[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1471(a).

The bankruptcy removal statute states: "A party may remove any claim or cause of action [related to a bankruptcy] in a civil action ... to the *district court* for the district where such civil action is pending." 28 U.S.C. § 1452. Although the courts have not interpreted § 1452 consistently, a notice of removal is not the proper procedure for getting an action from the United

States district court to the bankruptcy court.

If a bankruptcy is pending, the defendant may file an adversary proceeding in the bankruptcy court "to determine a claim or cause of action removed ... [under] 28 U.S.C. § 1452." Bankruptcy Rule 7001(10).

The general removal statute and the bankruptcy removal statute allow a defendant to remove a case from state to federal district court when the federal district court has original jurisdiction, but no statute allows removal directly from a state court to bankruptcy court. The statutes specifically mention removal from state to federal district court, but make no mention of removal to the bankruptcy court. *Helena Chemical Co. v. Manley*, 47 B.R. 72, 74 (Bankr.N.D.Miss.1985). A party must remove the case from state court to the district court. The district court may then refer the case to the bankruptcy court. 28 U.S.C. § 157(a). Even when a standing order automatically referring the case to the bankruptcy court is employed by the district court, the case still touches the United States District Court.

## 5. *Referral.*

■ Because the bankruptcy courts are subordinate operations of the district courts, removal is never proper directly to the bankruptcy court. The district courts have original jurisdiction of the case and can refer them to the bankruptcy courts. Referral orders are used by the district court for sending cases to the bankruptcy courts. 28 U.S.C. § 157(a). The referral is not mandatory, and it can be withdrawn by the district court at any time. 28 U.S.C. § 157(d). The district courts also have jurisdiction to hear appeals from orders of bankruptcy courts. 28 U.S.C. § 158(a). The bankruptcy court cannot transfer cases in its jurisdiction to the district court. *Benchic v. Century Entertainment Corp.*, 20 B.R. 126, 127 (Bankr.S.D.Ohio 1982). A recommendation for withdrawal of the reference is offered by the bankruptcy court to the district court that originally conferred jurisdiction on the bankruptcy court. Bankruptcy Rule 5011.

■ A bankruptcy court decision from this district held that referral from the district court to the bankruptcy court is automatic, and that the bankruptcy rules allow for direct removal from state to bankruptcy court. *Engra v. Gabel*, 86 B.R. 890, 896 (Bankr.S.D.Tex.1988). The rule is to the contrary. Rule 9027 has these passages:

(a) an application for removal shall be filed with the *clerk for the district* and division within which is located the state ... court where the civil action is pending.

\* \* \* \* \* \*

(e) Motion for remand: unless the *district court* orders otherwise, a motion for remand shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion.

(f)(1) After removal of a claim or cause of action to a *district court* the district court or, *if the case* under the Code *has been referred* to a bankruptcy judge of the district, the bankruptcy judge, may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the court from which the claim or cause of action was removed or otherwise.

(2) The *district court* or, *if* the case under the Code has been *referred* to a bankruptcy judge of the district ...

These rules clearly demonstrate that the bankruptcy courts receive cases by referral, never by removal. Like other case management orders, the referral is left to the discretion of the district court. *Helena Chemical Co. v. Manley*, 47 B.R. 72, 75 (Bankr.N.D.Miss.1985). Proper procedure to have the case reach the bankruptcy court is to petition the district court for an order of reference. 28 U.S.C. § 157.

The statute talks about a removal filed in the district within which the "state or federal court" is located. The word federal is included to allow removal from courts of the United States other than the United States District Court, like the local courts of the District of Columbia or the territori-

al courts of Guam. *Agana Bay Development Company v. Supreme Court of Guam,* 422 F.Supp. 593 (D.Guam 1974).

Section 157(a) provides: "Each district court may provide that any or all cases under title 11 ... shall be referred to the bankruptcy judges for the district." This is the equivalent of the standing order presently used in this district to refer cases from the district court to the bankruptcy court. By its very language, the statute is neither mandatory nor automatic. The district courts have exclusive jurisdiction of all cases under title 11. 28 U.S.C. § 1334.

■ Section 1452 is part of *Chapter 89: Removal of Cases from State Courts.* By its terms, it does not provide for removal from federal district courts. *Helena Chemical Co. v. Manley,* 47 B.R. 72, 75 (Bankr.N.D.Miss.1985). Removal of a state court case directly to bankruptcy court is in violation of the statute, and the bankruptcy court must decline jurisdiction. *Berger v. Schuler,* 45 B.R. 684, 686 (Bankr. D.N.D.1985).

Prudential concerns also support the conclusion that removal is never proper directly from state court to bankruptcy court. Because bankruptcy courts are units of the district court, the district court is responsible for the administration of the bankruptcy courts. The first step in the administration is for the district court to determine which cases should be adjudicated by the bankruptcy judges. Removal from state court directly to bankruptcy court would give the parties, and not this court, the say on the allocation of cases to bankruptcy. Congress did not enact that result.

6. *Conclusion.*

Simply put, an attempt to "remove" a case from district court to bankruptcy court is an attempt to remove a case from me to me for me to refer to my adjunct for bankruptcy. No matter how bankruptcy lawyers think they may treat state and territorial courts, they must actually appear in federal district court cases to seek

relief for their clients; sending a note will not do.