**LA PREFERIDA, INC., an Illinois Corporation, Plaintiff,**

v.

**CERVECERIA MODELO S.A. de C.V., a Mexican Corporation, Defendant.**

No. 87 C 4081.

United States District Court, N.D.Illinois, E.D.

Jan. 4, 1988.

Kevin M. Forde, Mary Anne Mason, James Van Dieren, Kevin M. Forde, Ltd., Richard J. Prendergast, Joseph E. Tighe, Mark Valley, Chicago, Ill., for plaintiff.

Ronald Peterson, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

La Preferida, Inc. brings this action against Cerveceria Modelo, S.A. de C.V.

("Modelo") for breach of duties arising from a Distribution Agreement entered into between La Preferida and Cerveceria Corona, Inc. ("Corona"). After removing this action to the Bankruptcy Court for the Northern District of Illinois, Modelo moved to transfer to the Bankruptcy Court for the District of Puerto Rico. We granted the motion. La Preferida now moves for a reconsideration of that decision. For the reasons below, we grant the motion to reconsider and, accordingly, deny the motion to transfer.

## CASE BACKGROUND

In September of 1976, La Preferida and Corona entered into an exclusive Distribution Agreement under terms of which La Preferida enjoyed the exclusive right to distribute Corona products in the United States. In August 1982, Corona attempted to discharge its duties under that agreement. The parties dispute whether Corona effectively discharged its duties. The following year, Modelo and Corona entered into a sequence of License and Concurrent Use Agreements under terms of which Modelo could distribute Corona products in portions of the United States. In 1984, Corona filed for bankruptcy in the United States Bankruptcy Court for the District of Puerto Rico. That court subsequently approved the sale of Corona's trademarks to Modelo, and in the accompanying order ("Agreed Order") held that "[t]he liens and claims, if any, of La Preferida, Inc. and any other party of interest, shall attach to the cash proceeds of the sale."

In 1986, La Preferida filed an action in this Court against Modelo charging tortious interference with the La Preferida–Corona Distribution Agreement. *La Preferida, Inc. v. Cerveceria Modelo*, No. 86 C 2647 ("La Preferida I"). A central issue in La Preferida I is whether Corona breached the Distribution Agreement by granting Modelo distribution rights. La Preferida moved to amend the complaint to add a count charging Modelo with breach of the La Preferida–Corona Distribution Agreement to the extent that Modelo assumed any of the Agreement's contractual duties. Due to the advanced stage of that litigation, we denied the motion but allowed La Preferida to file another action that we would deem a related case.

Pursuant to that order, La Preferida filed this action. Modelo removed this action to the Bankruptcy Court for the Northern District of Illinois. On October 15, 1987, we granted Modelo's motion to transfer to the Bankruptcy Court for the District of Puerto Rico. Upon reconsideration, we conclude that transfer of this action to the District of Puerto Rico is unwarranted under either the bankruptcy transfer statute, 28 U.S.C. § 1412,[1] or the general transfer statute, 28 U.S.C. § 1404(a).[2]

## TRANSFER

Under the bankruptcy and general transfer statutes, transfer is warranted only if convenience and the interests of justice are served. Modelo as movant bears the burden of persuading this Court to overcome the presumption favoring retaining the action in the plaintiff's chosen forum. *Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1038 (N.D.Ill.1984). In its attempt to meet this burden, Modelo argues that transfer is warranted by the fact that the Agreed Order is central to this action, and the Puerto Rican Bankruptcy Court is best positioned to interpret and apply that order. Modelo further argues that the Puerto Rican court is better able than this Court to apply Puerto Rican law, the governing law in this action. Finally, Modelo contends that key witnesses and documents are in Puerto Rico. We find none of these contentions sufficiently persuasive and compelling to justify transfer.

The central issues in this action are whether Corona was bound to the Distribution Agreement in 1983 when it entered into the License and Concurrent Use

---

**1.** A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

**2.** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Agreements with Modelo and to what extent Modelo became bound to the Distribution Agreement through its agreements with Corona. The factual findings and legal conclusions necessary to the resolution of these issues can be made without reference to the Agreed Order or Corona's bankruptcy proceedings. The Agreed Order applied only to claims and liens that La Preferida had against Corona at the time of the Agreed Order, not the claims at issue here that La Preferida had against Modelo prior to the Agreed Order. To the extent that the Agreed Order affected Modelo's continuing duties to La Preferida, we have the authority and competence to interpret and apply the Order in the context of this case.

As best as we can determine from the pleadings and briefs in this case, the primary area of law to which we will turn in deciding the issue of Modelo's obligations under the Distribution Agreement is federal trademark law. We cannot rule out the possibility, however, that interpretations of Puerto Rican law will become necessary in determining whether Corona effectively discharged its duties under the Distribution Agreement. To the extent that we need to apply Puerto Rican law, our research on reconsideration indicates that most, if not all, of the applicable law is readily comprehended by this Court. We will not have to grapple with any unusual or difficult legal concepts of Puerto Rican civil law. Further, by law, Puerto Rican statutes and court decisions are available in English. 4 P.R. Laws Ann. ch. 37, § 489 (1968).

Finally, Modelo has not provided any specific examples to back up its assertion that key witnesses and documents are in Puerto Rico. Even if Modelo did, however, we do not believe that that would support a conclusion that the parties or any witness would suffer inconvenience were this action not transferred to Puerto Rico. Indeed, we believe that convenience and the interests of justice would suffer were we to transfer this action to Puerto Rico. A central issue in this action and in La Preferida I is whether Corona successfully discharged its contractual duties under the Distribution Agreement. It was this similarity in the two cases that prompted us to find La Preferida I and this action related cases. Requiring the simultaneous litigation of this issue in federal courts in Chicago and Puerto Rico would clearly put hardship on all parties involved. Absent any showing of inconvenience in entertaining both actions here, transfer is unwarranted.

## CONCLUSION

Convenience and the interests of justice are best served by retaining this action in La Preferida's chosen forum, the Northern District of Illinois. Accordingly, we grant the motion to reconsider and deny the motion to transfer. It is so ordered.[3]

---

**3.** La Preferida, if it so chooses, is given leave within ten days to file a motion to remand with a supporting brief of no more than eight pages addressing the bankruptcy court's jurisdiction pursuant to 28 U.S.C. § 157. Modelo may respond within five days after in no more than eight pages.