THOMAS STEEL CORPORATION, Plaintiff,

v.

BETHLEHEM REBAR INDUSTRIES, INC., et al., Defendants.

No. 89 A 0468.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 23, 1989.

Peter M. Sfikas, Lawrence X. Pusateri, Larry R. Eaton, Mary F. Andreoni, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for James L. Marketos and Lane & Mittendorf.

John W. Damisch, Barclay, Damisch & Sinson, Ltd., Chicago, Ill., for Jean Marc Charlier and Gabriel Banon.

Kevin D. Evans, Schiff, Hardin & Waite, Chicago, Ill., for Bethlehem Rebar Industries, Inc. and American Banaco, Inc.

Edwin C. Thomas, III, John P. Morrison, Cathy D. Furda, Bell, Boyd & Lloyd, Chicago, Ill., for Thomas Steel Corp.

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Bankruptcy Judge.

This adversary proceeding is presently before the court as a result of an attempted removal of an action from the United States District Court for the Northern District of Illinois. The parties who attempted the removal have requested this court to transfer the proceeding to the United States Bankruptcy Court for the Southern District of New York, which is now presiding over bankruptcy cases in which the defendants in the original district court action are debtors. The plaintiffs in the original action have moved for remand of the proceeding to the district court. For the reasons set forth below, this court finds that the attempted removal was ineffective to vest jurisdiction in the bankruptcy court, and so dismisses this proceeding, rendering moot the motions for transfer and remand.

### Findings of Fact

The facts relevant to this decision are set forth in the motion papers filed by the parties and are not in dispute. The proceeding now before this court began as a breach of contract case, filed in the district court, by Thomas Steel Corporation ("TSC") against Bethlehem Rebar Industries, Inc. ("Bethlehem") and its parent corporation, American Banaco, Inc. ("Banaco"). The case was assigned to Judge Prentice H. Marshall. On August 31, 1988, pursuant to a settlement agreement, the district court entered a final judgment in favor of TSC against both Bethlehem and Banaco, for an amount in excess of $645,000; the court later amended the judgment to add an award of attorneys' fees.

After obtaining the judgment, TSC began enforcement proceedings, by serving "Citations to Discover Assets," pursuant to Illinois law. *See* Ill.Rev.Stat. ch. 110, ¶ 2–1402 and ch. 110A, ¶ 277 (1987).[1] TSC served these citations, on September 13, 1988, on Bethlehem and Banaco; on the chairman of their boards of directors, Gabriel Banon; and on a financial officer of both corporations, Jean–Marc E. Charlier. On March 30, 1989, after taking some discovery and unsuccessfully attempting to satisfy its judgment through an agreed stock transfer, TSC filed a motion for rule to show cause why Bethlehem, Banaco, Banon and Charlier should not be held in contempt of court for transferring property of the judgment debtors in violation of the citations.[2]

---

1. Rule 69 of the Federal Rules of Civil Procedure generally provides that the procedure on execution of judgments, and in proceedings supplementary to and in aid of a judgment "shall be in accordance with the practice and procedure of the state in which the district court is held." The Illinois supplementary proceeding involving citations to discover assets is described in *In re Fowler,* 90 B.R. 375, 377 (Bankr.N.D.Ill.1988).

2. The service of a citation to discover assets has been held to create a lien on the personal property of the judgment debtor held by the respondent to the citation. *In re Stoner Investments, Inc.,* 7 B.R. 240, 241 (Bankr.N.D.Ill.1980).

By this time, Banon was already subject to an involuntary petition in bankruptcy, filed in the Southern District of New York on February 13, 1989. Shortly after the filing of the motion for rule to show cause, on April 5, an involuntary bankruptcy petition was brought against Bethlehem, also in the Southern District of New York; and on May 9, Banaco filed a voluntary bankruptcy petition in the same district.

Meanwhile, on April 27, 1989, TSC filed another motion for rule to show cause, this one directed against James L. Marketos and the Washington D.C. law firm of Lane & Mittendorf—attorneys who represented Bethlehem, Banaco, Banon, and Charlier in the citation proceedings. The motion alleges that these attorneys aided and abetted their clients in violating the citations.

On May 18, 1989, in apparent response to the motion for rule to show cause, Marketos and Lane & Mittendorf filed, with the bankruptcy clerk for the Northern District of Illinois, an application for removal of the entire TSC case from the district court to the bankruptcy court, and simultaneously moved the bankruptcy court for a transfer of the proceeding to the bankruptcy court for the Southern District of New York. The application and motion to transfer were subsequently joined in by Charlier and Banon. On June 7, TSC responded to this activity by moving for remand of the proceeding back to the district court and opposing the requested transfer of its rule to show cause motion against Marketos and Lane & Mittendorf. Both Marketos/Lane & Mittendorf and TSC have filed memoranda in support of their positions.

### Conclusions of Law

Because the jurisdiction of the bankruptcy court is dispositive in this proceeding, it is necessary to review briefly the history of that jurisdiction. The 1978 Bankruptcy Reform Act created Bankruptcy Courts as a virtually independent tribunal, with inherent jurisdiction over bankruptcy cases and related proceedings. G. Treister, J. Trost, L. Forman, K. Klee & R. Levin, Fundamentals of Bankruptcy Law 23–25 (1986) ("Treister & Trost"). However, this aspect of the 1978 legislation was declared to be in violation of Article III of the United States Constitution, in that bankruptcy judges were not given the life tenure and salary protection that the Constitution requires for federal judges. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Accordingly, Congress enacted amendments in 1984 to place jurisdiction over bankruptcy cases and related proceedings in the district courts, and to allow bankruptcy judges to hear only those cases that the district court referred to them. Treister & Trost at 44–45 ("In the congressional view the system passes constitutional muster under *Marathon* because Article III district courts have the power to control what is referred ..."). Under the 1984 amendments, "bankruptcy court" is only a name given to the bankruptcy judges of a judicial district, who constitute a "unit of the district court," 28 U.S.C. § 151, and a bankruptcy judge can hear a matter if and only if (1) the matter is within the bankruptcy jurisdiction granted to the district courts under 28 U.S.C. § 1334, (2) the district court has referred the matter to the bankruptcy judges for that district pursuant to 28 U.S.C. § 157(a), and (3) the district court has not withdrawn its reference of the matter pursuant to 28 U.S.C. § 157(d).

In the present proceeding, the jurisdiction of the bankruptcy court was not invoked through a reference from the district court. Rather, Marketos and Lane & Mittendorf attempted to bring the proceeding to this court by way of removal from the district court, pursuant to 28 U.S.C. § 1452. That section provides:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

Because Section 1452 allows only for the removal of causes *to* the district court, it would seem on its face to have no potential for removing causes that are already pending in the district court. The removal statute has, in fact, been interpreted in just this way. *Helena Chemical Co. v. Manley*, 47 B.R. 72, 74–75 (Bankr.N.D.Miss. 1985) (noting that Section 1452 "provides for removal to the district court, not the bankruptcy court per se nor the bankruptcy court as a unit of the district court" and so construing the section "to provide primarily for the removal when appropriate of cases from the state courts, not from the federal district courts"); *In re Watson–Mahaney, Inc.*, 70 B.R. 578, 581 (Bankr.N. D.Ill.1987).

Only one decision, *In re Philadelphia Gold Corp.*, 56 B.R. 87 (Bankr.E.D.Pa. 1985), appears to hold that Section 1452 can be used to remove a cause of action from district court to bankruptcy court. This decision, however, is not persuasive. In *Philadelphia Gold*, the court first noted that the 1978 Bankruptcy Reform Act contained a removal provision, codified as 28 U.S.C. § 1478 (1982) (repealed), very similar to the present Section 1452. Indeed, as the court pointed out, the only difference between the two provisions is that where former Section 1478 provided for removal of an action "to the bankruptcy court" if "bankruptcy courts" had jurisdiction over the action, Section 1452 provides for removal to the "district court" if the "district court" has jurisdiction. 56 B.R. at 89.[3] The court then described the thrust of the 1984 amendments enacted in response to *Marathon*, removing the independent jurisdiction and status of the bankruptcy

courts, and concluded that this change had the following impact on removal:

> The upshot of this [loss of independent status] is that while chapter 90 of title 28 of the United States Code, dealing *inter alia* with venue, *removal*, and jury trials, under the 1978 Act, spoke of "the bankruptcy court," the substance of this chapter was repealed by the 1984 Act and replaced by chapter 87 of title 28 of the United States Code, which chapter speaks of "the district court" rather than "the bankruptcy court." Nonetheless, the reference to the district court in chapter 87 of the 1984 Act is deemed to denote the bankruptcy court when read in the light of the referral provisions under 28 U.S.C.A. § 157 (West 1985 Supp.). Thus, the replacement by the 1984 Act of the term "bankruptcy court" in 28 U.S.C. § 1478 of the 1978 Act with the expression "district court" in 28 U.S. C.A. § 1452 (West 1985 Supp.) effected no substantive change. Ergo, a civil action pending in the district court may be removed to the bankruptcy court by the filing of a timely application for removal under 28 U.S.C.A. § 1452 (West 1985 Supp.).

56 B.R. at 89–90.

There are at least two reasons why this interpretation of Section 1452 cannot be accepted, in addition to the requirement that statutes be interpreted according to their plain meaning. *United States v. Ron Pair Enterprises, Inc.*, — U.S. —, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). First, the *Philadelphia Gold* interpretation ignores the actual thrust of the 1984 amendments, which was to effect a quite substantive change in the relationship between district courts and bankruptcy courts. Regardless of the manner in which the reference power may have been expected to be exercised, the district courts were given the *power* to retain all bankruptcy cases and proceedings. By interpreting Section 1452 to allow for removal from a

---

**3.** The legislative history of Section 1452 does little more than likewise note the similarity of that section to former section 1478—"except for reference to district courts rather than to bankruptcy courts." S.Rep. No. 55, 98th Cong., 1st Sess. 43 (1983), quoted in 1 *Collier on Bankruptcy* ¶ 3.01[5][b] (15 ed. 1989).

district court to a bankruptcy court, *Philadelphia Gold* creates a significant gap in that power: allowing litigants in any bankruptcy matter before the district court (presumably even one as to which the reference has been withdrawn) to remove the matter to bankruptcy court. Such a gap would severely undermine the Article III supervision that Congress intended as a remedy for the defects found by the Supreme Court in *Marathon.* Second, the *Philadelphia Gold* interpretation does not consider Section 1452(b). Yet if "district court" is interpreted to mean "bankruptcy court" for purposes of Section 1452(a), Section 1452(b) would result in the bankruptcy court ("the court to which such claim or cause of action is removed") having unreviewable discretion to remand a claim or cause of action to the district court or not to remand. Such a power could raise even more serious Article III problems than those addressed in *Marathon,* since the decisions of the bankruptcy court in that case were at least appealable. *See Hillyard Farms v. White County Bank,* 52 B.R. 1015, 1019 (S.D.Ill. 1985). Moreover an unreviewable power in bankruptcy courts to dispose of remand motions would contradict the Bankruptcy Rule enacted to effectuate Section 1452; Bankruptcy Rule 9027(e) provides that the bankruptcy court may only hear motions to remand if the district court does not otherwise order, and that the bankruptcy court may only make a report and recommendation to the district court, not a final decision.[4]

The other arguments advanced by Marketos and Lane & Mittendorf offer little additional ground for interpreting Section 1452 to allow removal of cases from district court to bankruptcy court. They note that Congress could have explicitly excluded district court cases from those that might be removed under Section 1452, but such an exclusion is hardly necessary in light of the fact that the removal is *to* the district court. They also point out,

citing 1 *Collier on Bankruptcy* ¶ 3.01[5][c] at 3–86 (15 ed. 1989), that Bankruptcy Rule 9027(a), in effectuating Section 1452, authorizes removal from either "state or federal" courts. However, there are federal courts other than district court, such as the court of claims, in which an action subject to removal might be pending.

Finally, Marketos and Lane & Mittendorf refer to a number of cases in addition to *Philadelphia Gold,* but none is on point. *La Preferida, Inc. v. Cerveceria Modelo, S.A.,* 85 B.R. 795 (N.D.Ill.1988) is cited as a case in which the district court "allowed the removal of an action from the District Court to the Bankruptcy Court for the Northern District of Illinois." (Mem. in Opposition to Motion to Remand at 14.) In fact, the court in *La Preferida* merely remarked that a party had removed the case to bankruptcy court. 85 B.R. at 796. The district court in no way commented on the appropriateness of the removal, and, although this fact is not set forth in the opinion, the district court had previously withdrawn the reference of the removed case, by agreement of the parties, after receiving argument that removal from the district court to bankruptcy court was not authorized by statute. *See* Plaintiff's Reply in Support of Its Motion to Withdraw the Reference, No. 87 C 4081 (N.D.Ill., June 9, 1987).

*In re Gianakas,* 56 B.R. 747 (N.D.Ill. 1985)—which Marketos and Lane & Mittendorf cite for the proposition that the change from "bankruptcy court" to "district court" in Section 1452 is not significant—has nothing to do with removal from a district court. *Gianakas* was a case of removal from a state court, in which the party seeking removal filed its application with the clerk of the bankruptcy court. In response to an argument that a removal application could only be filed with the clerk of the district court, the district judge pointed out that the bankruptcy court is a part of the district court, and so the term

---

**4.** The rule presents yet another difficulty. Section (d) provides that the parties to a removed action shall proceed no further in the original court "unless and until the claim or cause of action is remanded." If removal were intended

from the district court, this provision would contradict section (e), which, as noted above, requires the parties to proceed in the district court in order to *obtain* a final order of remand.

"district court" as used in the statute, can be interpreted to include bankruptcy court. "It is ... clear by definition that Congress re-created the bankruptcy court as a 'unit' of the district court; it follows that the bankruptcy clerk's office for the district is essentially an administrative unit of the entire district court apparatus." 56 B.R. at 751. This reasoning actually underscores the inappropriateness of removal in the present context. There can be no "removal," in any meaningful sense, when the court to which the action is supposedly removed is merely a part of the court that presided the action originally.[5]

The last case cited by Marketos and Lane & Mittendorf is *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984). This case was decided under the removal statute in effect prior to the 1984 amendments (28 U.S.C. § 1478), and simply holds that if the bankruptcy court lacked jurisdiction over a removed action because the requirements of § 1478(a) were not met, then the prohibition against appellate review set forth in § 1478(b) would not be operative. 743 F.2d at 993. It is only in the context of determining appellate jurisdiction that the court stated its belief that the change of language from § 1478 to § 1452 would not affect its decision. 743 F.2d at 987 n. 4 ("We do not believe that the particular changes, terminology, and renumbering of sections make substantive changes in the statutes as we interpret them in this opinion"). The decision says nothing about the permissibility of removal from district court to bankruptcy court.

In light of the plain language of Section 1452 and the overall jurisdictional scheme of the 1984 amendments, it must be concluded that removal from the district court to the bankruptcy court is not permitted. This leaves the question of what should be done with the present adversary proceeding in bankruptcy court. TSC has urged that the proceeding be remanded. However, because this proceeding is not the

kind of action that can be removed under Section 1452(a), the remand procedures provided for by Section 1452(b) and Bankruptcy Rule 9027(e) may not properly be invoked. *Cf. Pacor, Inc. v. Higgins*, 743 F.2d at 993 ("If subsection (a) [of Section 1452] does not permit the removal, then subsection (b) never comes into play ..."). If this were the type of proceeding that could be removed to bankruptcy court, then a recommendation for remand, based on this court's view of the equities, would be appropriate. Since this is not such a proceeding, the attempted removal provides no jurisdiction for this court to take such action.[6]

An alternative disposition would be for this court to recommend that Judge Marshall, like the district judge in *Gianakas*, withdraw the reference of this proceeding. However, this result would also be inappropriate, because, in this court's view, the proceeding was never referred to the bankruptcy court in the first place. The United States District Court for the Northern District of Illinois has adopted a general local rule, Rule 2.33, which provides (in section A) for reference to the bankruptcy judges of the district of "any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S. C." This rule plainly applies to original filings in the district court, and refers such filings—bankruptcy cases, adversary proceedings, and related matters—to the bankruptcy judges. However, the rule does not appear to apply to proceedings, like the present one, that are not related to a bankruptcy when filed in district court, but arguably become related to a subsequently filed bankruptcy case. The rule contains no provision for notice to the district judge presiding over such a proceeding or to any of the parties affected; neither does the rule make any provision for the district judge to preside over further activity involving the proceeding (by way of appeal or review of reports). *See* Rule 2.33 c-e.

---

**5.** Black's Law Dictionary 1164 (5th ed. 1979) defines "removal of causes" as "[t]he transfer of a cause from one court to another."

**6.** Should this determination be mistaken, this opinion may be considered a recommendation for remand to the district court, pursuant to Bankruptcy Rule 9027(e).

Rather, section c of the rule appears to assume that in at least some situations where a proceeding in district court becomes related to a subsequently filed bankruptcy, the district judge will *direct* reference of the proceeding to the bankruptcy court, and provides that in the event of such a directed reference, the same district judge will preside over further district court activity in the proceeding.[7] Thus, the proper method—at least in the Northern District of Illinois—for a party to bring a proceeding like the present one into bankruptcy court is for that party to make a motion before the district court for a directed reference. *Cf. Helena Chemical Co. v. Manley,* 47 B.R. 72, 76 (Bankr.N.D.Miss. 1985) (interpreting a similar order of reference and concluding that in circumstances like the present ones "a specific order of reference ... should be entered by the district court prior to any proceedings being conducted by this bankruptcy court"). In addition to being consonant with the local rule governing reference, this procedure would assure that the district judge who has been presiding over a case makes the choice whether to retain or refer it. In the present situation, it is certainly appropriate that Judge Marshall be consulted before a motion for rule to show cause is taken from his docket. Moreover, Judge Marshall may well be in a much better position than this court to decide whether this proceeding should be transferred to New York. *Cf. In re Gianakas,* 56 B.R. 747 (N.D.Ill.1985).

Accordingly, this court will enter an order dismissing this proceeding for lack of jurisdiction, dismissing the pending motions as moot, and directing the parties to proceed further before the district court.

---

7. General Local Rule 2.33 c provides, in relevant part: "If in a bankruptcy ("B") case or set of related bankruptcy ("B") cases a report and recommendation referred to in subsection B(3) of this Rule [relating to reports and recommendations of bankruptcy judges in non-core proceedings] is filed pursuant to the prior direction of a district judge, the report shall be assigned to the calendar of that judge."