**In re John D. CROLEY, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**John D. CROLEY, Defendant.**

**Bankruptcy No. 90–00862.**
**Adv. No. 90–0121.**

United States Bankruptcy Court,
District of Columbia.

Dec. 4, 1990.

Jay B. Stephens, U.S. Atty., John D. Bates, Claire Whitaker, Asst. U.S. Attys., Washington, D.C., for plaintiff.

Barry L. Leibowitz, Washington, D.C., for defendant.

## DECISION RE APPLICATION FOR REMOVAL

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The United States of America sued John D. Croley in the district court in 1989 in *United States v. Croley,* Civil Action No. 89–0885 GAG (D.D.C.), to collect on three promissory notes for defaulted student loans. On October 26, 1990, Croley filed in this bankruptcy court a voluntary petition commencing a case under Chapter 7 of the Bankruptcy Code. On October 29, 1990, Croley filed in this bankruptcy court an Application to Remove Civil Action 89–0885 GAG from United States District Court for the District of Columbia to United States Bankruptcy Court for the District of Columbia. The clerk assigned the Application an adversary proceeding number (Adversary Proceeding No. 90–0121) in the apparent belief that the Application was effective. *See* Bankruptcy Rule 9027(h). The Application, however, is a nullity and shall

be stricken and the adversary proceeding closed.

 The Application seeks to effect removal to this bankruptcy court pursuant to 28 U.S.C. § 1452(a). But § 1452(a) only authorizes "removal to the district court." The district court already had Civil Action No. 89–0885 GAG pending before it; the removal statute is thus inapplicable. *Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc.,* 101 B.R. 16, 19 (Bankr.N. D.Ill.1989); *Helena Chemical Co. v. Manley,* 47 B.R. 72, 74–75 (Bankr.N.D.Miss. 1985).

 Although 28 U.S.C. § 157(a) authorizes the district court to *refer* to the bankruptcy court civil actions related to a bankruptcy case, the district court has not seen fit to refer Civil Action No. 89–0885 GAG to this bankruptcy court. District Court Local Rule 601 provides for referral of related proceedings to the bankruptcy court but provides that *all* papers filed in a case or proceeding thus referred, "including the original petition," shall bear the bankruptcy court's caption. Plainly the rule deals with related proceedings commenced after the bankruptcy case commences. *Thomas Steel Corp.,* 101 B.R. at 21. The rule provides no mechanism for handling referrals of civil actions already pending in the district court; the rulemakers surely would have addressed the transfer of files and notice to parties in pending related civil actions if an automatic referral of such actions was contemplated. Such an automatic transfer of pending related civil actions would additionally have obvious potential disruptive effects on the smooth functioning of both the district court and its bankruptcy court unit. The only matters referred by Local Rule 601 are the original petition and, by necessary implication, subsequent proceedings in or related to the case.[1] If Civil Action No. 89–0885 GAG is to be referred here, it will have to be by an order of the district court.

---

1. Proceedings referred include a prior civil action that is removed as related to a pending bankruptcy case. *See In re Eagle Bend Development,* 61 B.R. 451, 458 (Bankr.W.D.La.1986).

Because the civil action is not before the bankruptcy court by removal or referral, this adversary proceeding shall be closed.

But, as shown above, the removal statute does not apply to an action already pending in the district court.