## In re FRANKLIN SAVINGS CORPORATION, Debtor.

### 91–41518–11.

United States Bankruptcy Court, D. Kansas.

Oct. 28, 1991.

Jonathan A. Margolies of McDowell, Rice & Smith, Kansas City, Mo., for debtor.

H. David Barr and R. Kent Sellers of Gage & Tucker, Overland Park, Kan., for Resolution Trust Corp. as Conservator for Franklin Sav. Ass'n.

## MEMORANDUM OF DECISION

JOHN T. FLANNAGAN, Bankruptcy Judge.

This matter is before the Court on the motion of the Resolution Trust Corporation ("RTC"), as conservator for Franklin Savings Association ("FSA"), seeking mandatory withdrawal of reference under 28 U.S.C. § 157(d) and Local District Court Rule 706(a)(4). Debtor Franklin Savings Corporation ("FSC") has responded with a motion to dismiss the RTC/FSA motion for mandatory withdrawal of reference.

FSC appears by its attorney, Jonathan A. Margolies of McDowell, Rice & Smith, Chartered; RTC/FSA appears by its attorneys, H. David Barr and R. Kent Sellers of Gage & Tucker.

## BACKGROUND

FSC is a Kansas corporation holding over 90 percent of the stock of FSA. FSA is a Kansas stock savings and loan association, itself the parent of other affiliated corporations.

On June 10, 1988, FSC and its subsidiary, FSA, entered into a Tax Reimbursement Agreement and a Tax Forgiveness Agreement.

The Tax Reimbursement Agreement establishes FSC as the agent for the affiliated group to file a consolidated federal income tax return as permitted by the federal income tax regulations. The agreement further establishes the manner in which FSA's tax liability will be computed for purposes of the consolidated tax return; the manner in which FSA will pay its tax liability; the procedure by which FSA will compute and recover income taxes resulting from its losses and excess credits; and the termination of, the successors to and the law that governs the agreement.

The Tax Forgiveness Agreement spells out how FSA's tax indebtedness to FSC will be forgiven; the effect of FSA's losses and excess credits on its tax liability to FSC; the corporate record-keeping required to document actions taken under the agreements; and the termination of, the successors to and the law that governs the agreement.

In February of 1990, the Office of Thrift Supervision ("OTS") appointed RTC as conservator for FSA. RTC took conservatorship control of FSA on February 16, 1990.

In anticipation of and prior to this regulatory action, the Board of Directors of FSA had requested Ernest M. Fleischer, on behalf of FSA, to resist by all appropriate means any adverse regulatory action against FSA. Mr. Fleischer is Chairman of the Board of Directors of FSC, the debtor.

Exercising this authority, on March 12, 1990, Mr. Fleischer caused FSC to file an action in its name and in the name of FSA against the OTS in the United States District Court for the District of Kansas de-

manding removal of RTC as conservator of FSA.

On September 5, 1990, after a trial, The Honorable Dale E. Saffels ordered RTC removed as conservator of FSC. However, the United States Court of Appeals for the 10th Circuit stayed Judge Saffels' order pending an appeal by the OTS and reinstated RTC as conservator in control of FSA. Ultimately, the 10th Circuit Court of Appeals reversed Judge Saffels' decision favoring FSC.

Mr. Fleischer has announced his intention on behalf of FSC and FSA to petition the United States Supreme Court for a writ of certiorari to the 10th Circuit Court of Appeals.

In April of 1991, FSC received a federal income tax refund of $1,958,233 that allegedly resulted from overpayment by subsidiaries of FSA for the 1990 tax year. This refund is said to include a reimbursement of $15,000 paid by FSA in connection with an extension of the filing of the federal consolidated return.

On May 15, 1991, FSC received a second federal income tax refund in the amount of $8,274,949. This refund is alleged to be the result of a net operating loss carryback derived from the operations of FSA during the 1990 tax year. The carryback was applied to tax years 1988, 1989, and 1990 [1].

FSC placed the total $10.2 million in tax refunds into Treasury Notes held at a New York bank.

On April 17, 1991, FSC notified RTC/FSA of the refunds. On April 30, 1991, RTC/FSA made written demand on FSC for delivery of the refunds on the grounds that the "tax sharing agreement between FSA and FSC, certain applicable case law, and "general principles of equity" entitled FSA and its subsidiaries to the refunds.

On May 17, 1991, FSC filed suit in the United States District Court for the District of Kansas against RTC/OTS in a suit styled, "Franklin Savings Corporation v. Resolution Trust Corporation," Case No. 91–4079–R. The action sought a declaratory judgment that FSC was entitled to the

---

**1.** There are other tax refunds alleged that need not be detailed for the purposes of this opinion.

tax refunds totalling approximately $10.2 million. FSC also sought an award of $2 million for attorneys' fees and expenses allegedly incurred while litigating with the OTS in the prior conservatorship challenge suit.

RTC/FSA responded with an answer and counterclaim. In substance, RTC/FSA's counterclaim alleges that it is entitled to the $10.2 million in tax refunds under the terms of the Tax Reimbursement Agreement and upon principles of common law and equity.

After filing its answer and counterclaim, RTC/FSA filed a motion for an order of attachment and for a preliminary injunction requesting the District Court to enjoin FSC from using or dissipating the tax refunds. The alleged basis for this injunctive relief was 12 U.S.C. § 1821(d)(18) and (19), a new statute enacted in the Comprehensive Thrift and Bank Fraud Prosecution and Taxpayer Recovery Act of 1990 (Title XXV of the Crime Control Act of 1990, Section 2521, 104 Stat. 4859 (1990)). The text of the act is as follows:

(d) **Powers and duties of Corporation as conservator or receiver**....

(18) Attachment of assets and other injunctive relief

Subject of paragraph (19), any court of competent jurisdiction may, at the request of—

(A) the Corporation (in the Corporation's capacity as conservator or receiver for any insured depository institution or in the Corporation's corporate capacity with respect to any asset acquired or liability assumed by the Corporation under section 1821, 1822, or 1823 of this title); or

(B) any conservator appointed by the Comptroller of the Currency or the Director of the Office of Thrift Supervision,

issue an order in accordance with Rule 65 of the Federal Rules of Civil Procedure, including an order placing the assets of any person designated by the Corporation or such conservator under the control of the court and appointing a trustee to hold such assets.

(19) Standards

(A) Showing

Rule 65 of the Federal Rules of Civil Procedure shall apply with respect to any proceeding under paragraph (18) without regard to the requirement of such rule that the applicant show that the injury, loss, or damage is irreparable and immediate.

(B) State proceeding

If, in the case of any proceeding in a State court, the court determines that rules of civil procedure available under the laws of such State provide substantially similar protections to such party's right to due process as Rule 65 (as modified with respect to such proceeding by subparagraph (A)), the relief sought by the Corporation or a conservator pursuant to paragraph (18) may be requested under the laws of such State.

This statute relaxes the requirements of Fed.R.Civ.P. 65 to allow RTC to obtain injunctive relief without showing that injury, loss or damage is immediate and irreparable. Otherwise, the provisions of Fed. R.Civ.P. 65 apply.

The District Court scheduled RTC's request for injunctive relief for hearing at 3:00 p.m. on July 25, 1991. FSC filed a voluntary petition under Chapter 11 at 9:30 a.m. on that day, thereby staying the scheduled hearing.

RTC responded by filing this motion for 28 U.S.C. § 157(d) mandatory withdrawal under the transfer procedure of Local District Court Rule 706. The debtor replied by asking for dismissal of the withdrawal motion.

This Court heard arguments of counsel on September 3, 1991, and took the matter under advisement.

RTC/FSA's principal argument is that 28 U.S.C. § 157(d) as implemented through Local District Court Rule 706 requires transmission of its motion for withdrawal of reference to the District Court with written recommendations of the Bankruptcy Judge on the question of withdrawal of reference. RTC/FSA relies on the last sen-

tence of 28 U.S.C. § 157(d), known as mandatory withdrawal of reference. This section of the statute states that "the district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

RTC/FSA argues that its reliance on 12 U.S.C. § 1821(d)(18) and (19) in the District Court action dictates a consideration by this Court of both Title 11 and a United States statute regulating organizations or activities affecting interstate commerce.

In response, FSA argues that the motion for withdrawal should be dismissed because (1) the District Court's automatic reference order does not operate to refer to this Bankruptcy Court the declaratory judgment action pending there at the time of the filing of the bankruptcy petition; and (2) the consideration this Court would have to give to laws of the United States regulating organizations or activities affecting interstate commerce in deciding the primary issue is too insubstantial to justify mandatory withdrawal of reference.

## DISCUSSION

### I

■ Section 157(a) of Title 28, United States Code, authorizes the District Court to refer any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the Bankruptcy Judges of the District.

Accordingly, the Kansas District Court has enacted Local Rule 705 clarifying the order of reference enacted effective July 10, 1984. See Appendix I.

### RULE 705 CLARIFICATION OF GENERAL REFERENCE TO BANKRUPTCY JUDGES

(a) The order of this court ("In the Matter of the Enactment of an Order Conferring Authority and Responsibility Pursuant to the Bankruptcy Amend-

ments and Federal Judgeship Act of 1984") became effective as of July 10, 1984. Under that order all Title 11 U.S.C. cases and proceedings in, under or related to Title 11 continue to be referred to the bankruptcy judges of this district.

(b) That reference includes, without limitation,—

(1) personal injury tort and wrongful death claims or causes of action within the purview of Title 28 U.S.C. § 157(b)(5);

(2) state law claims or causes of action of the kind referred to at Title 28 U.S.C. § 1334(c)(2); and

(3) involuntary cases under title 11 U.S.C. § 303.

Some courts have held that motions for withdrawal of reference must be exclusively addressed to the district court. *Matter of Hawkeye Chemical Co.*, 73 B.R. 318 (Bkrtcy.S.D.Iowa 1987); *In re Oneida Motor Freight, Inc.*, 86 B.R. 344 (Bkrtcy. D.N.J.1987); *Gabel v. Engra, Inc. (In re Engra, Inc.)*, 86 B.R. 890 (Bkrtcy.S.D.Tex. 1988). In so holding, these courts give literal effect to Fed.R.Bankr.P. 5011, which states, "A motion for withdrawal of a case or proceeding shall be *heard by a district judge*," and to the words "district court" in 28 U.S.C. § 157(d) on withdrawal.

However, the District of Kansas has a transfer rule that suggests the Bankruptcy Court should hear the motion to withdraw reference first. So far as it is pertinent to withdrawal of reference, the rule reads:

### RULE 706 TRANSFER OF PARTICULAR PROCEEDINGS FOR HEARING AND TRIAL BY A DISTRICT JUDGE

A particular proceeding *commenced in or removed to* the Bankruptcy Court shall be transferred to the District Court for hearing and trial by a district judge only in accordance with the procedure below.

(a) A party seeking such transfer shall file a motion therefor in the Bankruptcy Court certifying one or more of the following grounds:

(1)....

(2) ....

(3) ....

(4) *Resolution of the particular proceeding requires consideration of both Title 11 U.S.C. and other laws of the United States regulating organizations or activities affecting interstate commerce and thus must be withdrawn to this District Court under 28 U.S.C. § 157(d).*

(5) ....

(6) Cause exists, within the contemplation of 28 U.S.C. § 157(d), for the withdrawal of the particular proceeding to this District Court (a specification of such alleged cause must be stated).

(b) ....

(c) ....

(d) ....

(e) ....

(f) *The motion for transfer, together with a written recommendation of a bankruptcy judge, shall be transmitted by the clerk of the Bankruptcy Court to the clerk of the District Court.* The latter shall assign the motion to a district judge who shall rule ex parte or upon such notice as the district judge shall direct. The ruling shall be filed in the Bankruptcy Court as an order of the district judge.

(g) In instances where such ruling is not dispositive of the particular proceeding transferred, the proceeding shall go forward to hearing, trial and judgment as the district judge's order shall direct.

(h) A proceeding retained for hearing and determination by a district judge shall be carried on the civil docket of the clerk of the District Court. Certified copies of all final orders and judgments entered by the district judge shall be transmitted by the clerk of the District Court and filed with the clerk of the Bankruptcy Court.

(Emphasis added.)

Collier points out that there is a 1987 Advisory Committee Note to Fed.R.Bankr.P. 5011 stating that withdrawal motions are to be filed with the bankruptcy clerk and that the administrative office would specify an administrative procedure to bring the matter before the district court. 8 Collier On Bankruptcy 15th Ed. § 5011.3. Kansas District Court Rule 706 on transfer is such an administrative procedure.

Collier also notes the disagreement among bankruptcy courts as to whether they may initially evaluate motions to withdraw. In Collier's opinion, Fed.R.Bankr.P. 5011 does not contemplate such a procedure as prescribed by District Court Rule 706 for withdrawal motions. 8 Collier On Bankruptcy 15th Ed. § 5011.3.

Nevertheless, until the Kansas District Court decides to follow those courts bypassing a bankruptcy court transfer procedure, this Court will follow District Court Rule 706.

Local District Court Rule 706 begins by stating, "A particular proceeding commenced in or removed to the Bankruptcy Court shall be transferred to the District Court for hearing and trial by a district judge only in accordance with the procedure below." After stating the particular grounds to support a motion for transfer, the Rule provides: "The motion for transfer, together with a written recommendation of a bankruptcy judge, shall be transmitted by the clerk of the Bankruptcy Court to the clerk of the District Court."

The tax refund litigation pending in the District Court is not a "proceeding commenced in or removed to" this Court. Rather, it is an action still pending in the District Court. Since by the express terms of Rule 706 the pending District Court action has not been commenced in or removed to this Court, there is no proceeding in this Court for the District Court to withdraw reference of and nothing for this Court to make written recommendations about.

This logic finds further support in the following cases cited by the debtor. Under reference orders and local rules of reference similar to our Kansas order of reference, they hold that there has been no automatic reference of a pending district court civil action to the bankruptcy court. *Helena Chemical Co. v. Manley*, 47 B.R.

72 (Bkrtcy.1985); *In re Gianakas,* 56 B.R. 747 (N.D.Ill.1985); *In re Watson–Mahaney, Inc.,* 70 B.R. 578 (Bkrtcy.N.D.Ill.1987); *Thomas Steel Corp. v. Bethlehem Rebar Industries,* 101 B.R. 16 (Bkrtcy.N.D.Ill. 1989); *In re John D. Croley,* 121 B.R. 412 (Bkrtcy.D.C.1990).

The rationale of these cases is exemplified by the following language from *In re Croley* at page 413.

Although 28 U.S.C. § 157(a) authorizes the district court to refer to the bankruptcy court civil actions related to a bankruptcy case, the district court has not seen fit to refer Civil Action No. 89–0885 GAG to this bankruptcy court. District Court Local Rule 601 provides for referral of related proceedings to the bankruptcy court but provides that all papers filed in a case or proceeding thus referred, "including the original petition," shall bear the bankruptcy court's caption. *Plainly the rule deals with related proceedings commenced after the bankruptcy case commences. Thomas Steel Corp.,* 101 B.R. at 21. *The rule provides no mechanism for handling referrals of civil actions already pending in the district court; the rulemakers surely would have addressed the transfer of files and notice to parties in pending related civil actions if an automatic referral of such actions was contemplated.* Such an automatic transfer of pending related civil actions would additionally have obvious potential disruptive effects on the smooth functioning of both the district court and its bankruptcy court unit. The only matters referred by Local Rule 601 are the original petition and, by necessary implication, subsequent proceedings in or related to the case. If Civil Action No. 89–0885 GAG is to be referred here, it will have to be by an order of the district court.

(Emphasis added.)

Our automatic reference order effective July 10, 1984, as clarified by District Court Rule 705, contains no language evidencing an intent to refer to the Bankruptcy Judges pending federal or state court actions involving a party who becomes a debtor in bankruptcy. Most debtors filing for bankruptcy relief are already parties in state or federal court lawsuits. If the reference order were to operate on all such pending cases, the bankruptcy court would take jurisdiction over a myriad of proceedings having no relevance to the bankruptcy process. This Court can see no good reason for having an automatic reference of such actions and no language in the reference order to justify it.

Since there is no proceeding before the Court due to the failure of automatic reference to operate on the pending lawsuit in the District Court, the Court rules that there is no foundation proceeding upon which the motion to withdraw reference can operate. Therefore, the RTC/FSA motion for withdrawal should be dismissed.

II

■ This ruling makes it unnecessary to reach the merits of RTC/FSA's motion for mandatory withdrawal of reference. However, in order to comply with District Court Rule 706(f) in the event RTC/FSA's motion is transferred to the District Court, some additional comments are in order.

Although finding it unnecessary on the facts to choose between the two, Judge Saffels recognized two theories of interpretation of the mandatory withdrawal statute in *Burger King Corp. v. B–K of Kansas, Inc.,* 64 B.R. 728, 731 (D.Kan.1986):

One theory suggests that withdrawal is mandatory when resolution of the claims will require substantial and material consideration of non-bankruptcy code statutes. *See In re White Motor Corp.,* 42 B.R. 693, 705 (N.D.Ohio 1984). The second theory holds that the statute should be literally translated, *i.e.,* mandatory withdrawal is required only when resolution of the proceeding requires consideration of *both* title 11 and non-Code federal law. *See In re Anthony Tammaro, Inc.,* 56 B.R. [999] 1004 [D.N.J.1986].

The statute relied upon by RTC/FSA as a "law of the United States regulating organizations or activities affecting interstate commerce" is a statute modifying a

remedial provision found in Fed.R.Civ.P. 65. The new statute authorizes the granting of a temporary restraining order without written or oral notice absent the usual requirement that the applicant make a showing of immediate and irreparable injury, loss, or damage.

By its own terms, 12 U.S.C. § 1821(d)(18) and (19) applies to "any court of competent jurisdiction." While the provisions of this statute are found among others regulating banks and banking, in substance the statute merely modifies a remedial procedure commonly applied by the bankruptcy courts, rather than laying down any substantive rule of regulatory banking law.

Judging from the allegations in its District Court counterclaim, RTC/FSA believes the merits of the tax refund controversy will be determined not by a "statute regulating organizations or activities affecting interstate commerce," but by "the terms of the Tax Reimbursement Agreement and upon principles of common law and equity."

If the District Court action were referred here, or the issue were raised here by proper pleading, this Court believes that it could apply the modified version of Fed. R.Civ.P. 65 to the controversy without violating the spirit of the mandatory withdrawal provision of 28 U.S.C. § 157(d). In the opinion of this Court, 12 U.S.C. § 1821(d)(18) and (19) is not the kind of statute contemplated to be within the scope of the mandatory withdrawal statute under either of the theories of its interpretation noted in *Burger King.*

### III

In light of the ruling in Part I that there is no proceeding in this Court to be withdrawn by the filed motion to withdraw reference, the Court views this order as a decision disposing of a spurious motion—a core matter concerning the administration of the estate. Such a ruling is subject to review under § 158 of Title 28, rather than by transfer of the motion to withdraw with a written recommendation to the District Court under District Court Rule 706(f).

If this is so, the Bankruptcy Clerk is not required to transfer the motion to withdraw reference to the District Court Clerk as directed in Local District Court Rule 706(f). Since RTC/FSA may disagree and wish to have the motion to withdraw reference transferred to the District Court under the procedure of Rule 706, the Court hereby directs the Bankruptcy Clerk to make such a transfer only if RTC/FSA makes written request therefor within thirty days of the effective date of the separate order memorializing this decision.

If the motion to withdraw reference is transferred to the District Court, then Part II of this opinion will serve as the written recommendation required by District Court Rule 706(f).

RTC/FSA's motion for withdrawal of reference is dismissed for lack of a foundation proceeding upon which it can operate as set out in Part I above.

IT IS SO ORDERED.

### APPENDIX I

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

In the Matter of the Enactment of an Order Conferring Authority and Responsibility Pursuant to The Bankruptcy Amendments and Federal Judgeship Act of 1984.

### MINUTE ORDER

AT THE DIRECTION OF THE COURT:

Pursuant to § 104 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 USC § 157, this court refers all cases under Title 11, and any and all proceedings arising under Title 11, or arising in or related to a case under Title 11, to the bankruptcy judges for the District of Kansas, for consideration and resolution consistent with the law. The Court recognizes the exceptions contained in § 157(b)(5).

IT IS HEREBY ORDERED that the bankruptcy judges for the District of Kansas be and they hereby are directed to exercise the authority and responsibilities conferred upon them by the Bankruptcy

Amendments and Federal Judgeship Act of 1984.

IT IS FURTHER ORDERED, effective as of July 10, 1984, that any and all cases under Title 11, and any and all proceedings arising under Title 11, or arising in or related to a case under Title 11, be and hereby are referred to the bankruptcy judges for the District of Kansas for consideration and resolution consistent with the law.

DATED this 18th day of July, 1984.

/s/ Arthur G. Johnson
ARTHUR G. JOHNSON, Clerk
United States District Court