### CRAWFORD & COMPANY

v.

### TEMPLE DRILLING COMPANY.

**Civ. A. No. 86–512–B.**

United States District Court,
M.D. Louisiana.

March 3, 1987.

lected by him for the use of this State." 18     Del.C. § 710(c).

Fredrick R. Tulley, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for plaintiff.

Edwin G. Preis, Jr., Dan Panagiotis, Lafayette, La., for Temple Drilling Co.

Thomas E. Balhoff, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for Ins. Guar. Ass'n of the State of La.

POLOZOLA, District Judge.

This matter is before the court on the motion of the defendant, Temple Drilling Company (Temple), to dismiss for improper venue or in the alternative for transfer. No oral argument is required on this motion.

Crawford & Company (Crawford), is a Georgia corporation with its principal place of business in Atlanta, Georgia. It also has offices in Baton Rouge and Lafayette, Louisiana. Temple is a Texas corporation with its principal place of business in Houston, Texas. Temple is licensed to do business in Louisiana and has an office in Broussard, Louisiana.

Crawford has brought this action against Temple and the Louisiana Insurance Guaranty Association for reimbursement of certain sums paid by Crawford to settle a personal injury suit which had been brought against Temple.

The certificate of authority issued by the State of Louisiana authorizes Temple to transact business throughout the entire state, but Temple asserts that it has limited its operations in Louisiana to business which it conducts in the Western District of Louisiana and does not transact any business in this district.

Temple has filed this motion to dismiss arguing that venue is improper in the Middle District of Louisiana under 28 U.S.C. § 1391(c) due to the fact that all defendants do not do business in the Middle District. The question, therefore, before this court is whether venue is proper in this court pursuant to § 1391(c) solely by reason of the fact that Temple is licensed to transact business in the entire state.

For the reasons which follow the court finds that venue is proper in the Middle District.

28 U.S.C. § 1391(c) provides:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

The precise issue involved in this case has not been addressed by the Fifth Circuit Court of Appeals. However, this court believes that the Fifth Circuit's decision in *Davis v. Hill Engineering, Inc.*, 549 F.2d 314 (5th Cir.1977) is controlling. Two other district courts in the Fifth Circuit which have addressed this issue have found venue to be proper under a factual situation similar to the facts of the case now before the court. See *Young v. Armstrong World Industries, Inc.*, 601 F.Supp. 399 (N.D.

Texas 1984) and *Hartford Acc. & Indem. Co. v. Dalgarno Transp.*, 618 F.Supp. 1450 (S.D.Miss.1985).

In *Davis*, the court construed the provisions of § 1391(c) which allow suit to be brought against a corporation "in any judicial district in which it is incorporated" to allow suit in any judicial district of a multi-district state regardless of whether the defendant was actually doing business in the district where suit was brought. The court noted that the defendant's emphasis on the fact that it engaged in no business in the district is irrelevant because the statute makes any one of the three activities—incorporation, licensed to do business or doing business—a sufficient basis for venue. *Id.* at 323.

This court therefore concludes that venue is proper in every district of a state in which a defendant corporation is licensed to do business, regardless of whether it is actually doing business in every district. Since Temple is licensed to do business in the entire state of Louisiana, venue is proper in this district pursuant to 28 U.S.C. § 1391(c). Therefore, Temple's motion to dismiss on the basis of improper venue is denied.

Temple has also moved, in the alternative, for transfer of this action to the Western District of Louisiana. 28 U.S.C. § 1404(a) authorizes the transfer of a civil action from one federal forum in which the venue is proper to another federal forum in which venue is proper and "where it might have been brought," if the court determines that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a).

This court in *Southern Investors II v. Commutor Aircraft Corp.*, 520 F.Supp. 212, 218 (M.D.La.1981) set forth the requirements for a transfer pursuant to § 1404(a). The court finds that the holding of *Cowan v. Ford Motor Company*, 713 F.2d 100 (5th Cir.1983) does not change this law, as is urged by Temple.

In *Southern Investors II* at 218, the court found that the defendant must make a convincing showing of the right to have the case transferred since § 1404(a) provides for transfer to a "more convenient forum," not to a forum likely to prove equally convenient or inconvenient.

One of the most important factors in deciding a motion for transfer under § 1404(a) is the convenience of the witnesses. The moving party must make a specific showing of the necessary witnesses and what the witnesses' testimony will be. *Id.* at 218 and authority cited therein. Temple has failed to meet this burden.

Temple has only made bold allegations that "pertinent employees of Crawford and Temple are in the Western District, and that it would be more convenient for "pertinent witnesses ... from Houston, Texas" to travel to Lafayette rather than Baton Rouge, Louisiana. The affidavit of Steve Bierman submitted on behalf of Temple alleges that "sensitive documents" that may have some connection to this case are located in Lafayette.

While the location of books and records is a factor to be considered in determining proper forum, general allegations that transfer is needed because of such documents is not enough. See 15 Wright & Miller & Cooper, Federal Practice and Procedure, § 3853 p. 437–438 (1986).

Temple has therefore failed to make a sufficient showing which would enable this court to conclude that it should disregard the plaintiff's choice of forum and transfer this case to another venue. In absence of such a showing, Temple's motion to transfer must also be denied.

Therefore:

IT IS ORDERED that the motion of Temple Drilling Company to dismiss for improper venue is DENIED.

IT IS FURTHER ORDERED that the alternative motion of Temple Drilling Company to transfer this case to the Western District of Louisiana is DENIED.