Thomas DAVIDSON

v.

EXXON CORP., et al.

Civ. A. No. 91–3780.

United States District Court,
E.D. Louisiana.

Nov. 15, 1991.

Gordon E. Causey, Amite, La., and Karl J. Koch, Unglesby Law Offices, Baton Rouge, La., for plaintiff.

Thomas Kelly Wetzel, John Robert Schupp, Exxon Co., USA, Litigation Div., New Orleans, La., and George William Jarman, Charles S. McCowan, Jr., Neil D. Sweeney, David Kimberly Nelson, and Brian Francis Blackwell, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendants.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the plaintiff's Motion to Remand and the defendants' Motion to Transfer. The motions, set for hearing on November 13, 1991, were taken on the briefs without oral argument.

This class action was originally filed in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, by Thomas Davidson, individually and on behalf of all other similarly situated as a result of the explosion and fire at the Exxon Corporation refinery in Baton Rouge, Louisiana on December 24, 1989. Subsequently, the defendants, Exxon Corporation and Exxon Pipeline Company (collectively "Exxon"), removed the action to this Court alleging that the Court has original jurisdiction over this action under 28 U.S.C. section 1332. In the instant Motion to Remand, the plaintiff contends that the petition, which contains a clause specifically limiting the prayer for relief to $49,999 for each claimant, exclusive of interest and costs, deprives this Court of jurisdiction.[1]

---

1. This limiting clause states:
   [I]n no event recovery by any claimant to exceed the sum of FORTY–NINE THOUSAND, NINE HUNDRED, NINETY–NINE AND NO/100 ($49,999) DOLLARS per Claimant, such ad damnum quantification constituting a jurisdictional allegation within the meaning of Article 893 of the Louisiana Code of Civil procedure [sic] in connection with Petitioner specifically and judicially *waive* the right to receive any compensatory and exemplary award, exclusive of interest and costs, in excess of said amount.
   Petition, ¶ 18 (emphasis added).

The issues raised in plaintiff's motion to remand have been the subject of ongoing suits in the Middle District of Louisiana presently consolidated for discovery purposes before Judge Polozola.[2]

For reasons of comity and judicial economy, this Court must refrain from ruling on plaintiff's Motion to Remand, except to determine that jurisdiction exists and that this matter shall be transferred to the more convenient forum for reasons hereinafter written. The very issues before this Court on plaintiff's Motion to Remand have been the subject of extensive proceedings before Judge Polozola. As defendants point out to this Court in Memorandum in Opposition to Motion to Remand, Judge Polozola has ruled that:

> Louisiana Civil Code Article 3072, states that 'the tutor of a minor ... can not make a transaction without being authorized thereto by the judge.' Louisiana Code of Civil Procedure Article 4265 affirms the requirement: 'With the approval of court ..., a tutor may compromise an action by or against the minor or extend, renew, or in any manner modify the terms of an obligation owed by or to the minor.' These articles make it clear that the plaintiffs in this action cannot, without state court approval, waive that amount of damages over $50,000 on behalf of minor children.[3]

The major focus of the instant Motion to Remand filed in this class action suit is lead plaintiff's attempt to cap the amount in controversy by waiver. On February 25, 1991, in the aforementioned related matters before Judge Polozola, a ruling issued on precisely that subject denying remand.[4]

The law is precisely that unless it appears to a legal certainty that the claim is for less than the jurisdictional amount, this Court may not remand this case.[5] Exxon argues based on the allegations of the pleadings, including the removal petitions and the types of damages sought and considering the fact that similar cases arising out of the same accident are the subject of an extensive case management order regarding the discovery of damage and there is pending a motion to consolidate the trial of all punitive damage claims, plaintiff has not made the requisite showing to a legal certainty that the claims are for less than the jurisdictional amount.

This Court is of the opinion that Exxon has made out a *prima facie* case of subject matter jurisdiction. This Court is further inclined to agree with defendants that although plaintiff herein has taken issue with the requisite jurisdictional amount, he has failed to show to a *legal certainty* that the amount claimed is for less than the jurisdictional amount. This is so, particularly in light of reasoning set forth in Judge Polozola's ruling upon similar motions to remand denying same and the denial of writs by the Fifth Circuit with reference thereto.

As to opportunity to develop jurisdictional facts through discovery in the instant proceedings, for both the reasons afore-

---

**2.** The matter of *In re Exxon Explosion Cases,* Master Docket # 1 in the Middle District of Louisiana, also arises out of the December 24th, 1989 explosion and fire at the Exxon Corporation refinery in Baton Rouge, Louisiana. The suits presently pending in the Middle District of Louisiana before Judge Polozola are 158 in number involving 718 plaintiffs and were, as previously mentioned, consolidated for discovery purposes and case management orders issued.

**3.** *See,* Ruling on Motion to Remand issued January 10, 1991 in the matter entitled *Celestine Davis v. Exxon* (Exxon's Exhibit "B" attachment No. 7).

**4.** *See,* Minute Entry Order dated July 12, 1991 in the matter, *In Re: Exxon Explosion Cases,* C.A.

No. 90–099A (Exxon's Exhibit "B" attachment No. 1). Petition for Writ of Mandamus therefrom was denied by the Fifth Circuit Court of Appeal on November 14, 1991 (C.A. No. 91–3825).

**5.** *See, St. Paul Mercury Indemnity Co. v. Red Cab Company,* 303 U.S. 283, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), wherein the Supreme Court stated:

> When the jurisdictional amount is challenged, the party invoking the jurisdiction of the federal court has the burden of proving that it does not appear to a legal certainty that the claim is actually for less than the requisite jurisdictional amount. *Id.*

[citations omitted].

mentioned and those which follow, the parties will be given that opportunity upon transfer of this matter to the Middle District of Louisiana and subject to that court's extant case management orders.

Section 1404(a) of Title 28, United States Code, requires the court to weigh a number of case specific factors in determining whether transfer for *forum non conveniens* is appropriate. The factors are: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice. The statute specifically provides that "for the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* It is undisputed that, under 28 U.S.C. § 1391(a), venue is proper in both the Eastern District of Louisiana (transferor court) and in the Middle District of Louisiana (transferee court). Both the plaintiff and the defendants in the case at bar, have presented written argument highlighting the convenience/inconvenience of this district for themselves and for their witnesses. The sole question before this Court, then, is whether transfer would be for the convenience of the parties and witnesses, in the interest of justice.

On a motion to transfer for *forum non conveniens*, the movant has the burden of establishing, by reference to particular circumstances [6], that the transferee forum is clearly more convenient.[7] The general rule that plaintiff's choice of forum is not to be disturbed does not obtain where it is clearly outweighed by other factors.[8]

On the basis of the materials submitted by the parties, it appears that the relative inconvenience to each purported class member and their witnesses of going forward in another district is not readily ascertainable at this stage in these proceedings. The Court is however convinced that the reasons relied on by the defendant for change of venue (i.e., the interests of justice, judicial economy and comity) justify such a change. Litigating this matter in either jurisdiction is bound to cause some hardship to the party that must travel to the "foreign" court. This Court finds, however, that the matters that go to the issues central to this case are to be found in the Middle District of Louisiana. In other words, this case has no significant contact with this forum.

More specifically, the following enumerated facts graphically illustrate that the Middle District is the more convenient forum: (1) the purported class action against the defendants is based upon damages, allegedly sustained by the plaintiff and all members of the purported class defined in his petition, arising out of the December 24th, 1989 explosion at Exxon's refinery in Baton Rouge, Louisiana; (2) there are 123 actions currently pending in the Middle District of Louisiana arising out of precisely the same occurrence and involving similar if not identical issues and allegations; (3) the majority of those cases pending before the Middle District have been so for nearly 2 years, and extensive discovery has occurred pursuant to that court's case management orders; (4) all except one parish described in plaintiff's petition, where various members of the purported class allegedly sustained damages, that is—seven out of eight parishes are situated in the Middle District of Louisiana; and perhaps most importantly (5) the issues of law and fact implicit in the captioned proceedings are identical to those involved in the multifarious cases consolidated for discovery before Judge Polozola of the Middle District of Louisiana.

---

**6.** In *Southern Investors II v. Computer Aircraft Corporation,* 520 F.Supp. 212, 213, 218 (M.D.La. 1981) the court stated with respect to § 1404(a) transfer:

> Although the court does have discretion to transfer a case, the defendant must make a *convincing showing* of the right to have the case transferred since § 1404(a) provides for transfer "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) [emphasis supplied].

**7.** *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–220 (7th Cir.1986).

**8.** *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir. 1981).

Transfer of the instant proceedings to the Middle District of Louisiana will unquestionably promote the just, and efficient conduct of this litigation by preventing duplicitous discovery, duplicitous expenditure of judicial effort and resources, as well as eliminate the possibility of inconsistent judgments. Accordingly, and considering the submissions of the parties and for all of the aforementioned reasons,

IT IS ORDERED that defendants' Motion to Transfer for Forum Non Conveniens to the Middle District of Louisiana is hereby GRANTED.

The Clerk of Court is hereby directed to transfer the above captioned proceedings to the United States District Court for the Middle District of Louisiana.