**Mary Ruth Jones SEARCY, Mary Willie Johnson Jones, Virginia Elizabeth Jones Martin, Clemover Corp., Wil–Ken Production Company, Jerry Zoble, and C. Ward Bannerman**

v.

**Gary KNOSTMAN, Trustee for the Estate of Tomlinson Interests, Inc., Albert F. Thomasson, Burgess A. Thomasson, Sea Island Exploration, Ltd., McMillan–Johns Exploration, Inc., Viking Petroleum, Inc., V & P 79A Private Drilling Program, and Transcontinental Gas Pipe Line Corp.**

Civ. A. No. J92–0035(W).

United States District Court,
S.D. Mississippi,
Jackson Division.

June 9, 1993.

Charles G. Copeland, Glenn Gates Taylor, Jackson, MS, for plaintiffs.

Barry H. Powell, John E. Wade, Jr., Jackson, MS, for defendants.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are the plaintiffs' objections to two Orders entered by the Magistrate–Judge. The first Order denied plaintiffs' motion to remand this matter to the state court where it originated or, in the alternative, for the court to abstain. The second Order granted defendants' motion for referral and motion to transfer venue, ordering that this entire action be transferred to the Bankruptcy Court in Houston, Texas. In reaching his conclusions, the Magistrate–Judge held that this lawsuit over the proceeds of natural' gas wells, between plaintiff royalty owners and one defendant presently in bankruptcy, is essentially a core bankruptcy proceeding as recognized by 28 U.S.C. § 157. The Magistrate–Judge further found that this entire action, which involves other defendants who are not in bankruptcy, should be transferred to the Bankruptcy Court in Houston, Texas, which presently is adjudicating the bankruptcy of defendant Knostman.

■ Pursuant to 28 U.S.C. § 636(b)(1)(A),[1] a district court may modify or set aside any portion of the Magistrate–Judge's Order relating to a nondispositive motion only if the Order is clearly erroneous or contrary to law. Rule 72(a)[2] of the Federal Rules of Civil Procedure similarly states that a district court must apply the clearly erroneous standard, a deferential standard of review. Since the motions for review before this court concern transfer and remand, and thus are non-dispositive, they clearly fall under this deferential standard of review. *See City of Jackson v. Lakeland Lounge*, 147 F.R.D. 122, 124 (S.D.Miss.1993) (a motion to remand is a nondispositive matter), and *Holmes v. TV–3, Inc., et al.*, 141 F.R.D. 697, 699 (W.D.La. 1991) (standard of review for motion to transfer venue is controlled by Rule 72(a)). Cognizant of the applicable standard, this court finds that after a review of the memoranda of the parties, together with all attached exhibits, and after having heard oral arguments in this matter, the Magistrate–Judge's Orders are clearly erroneous and contrary to law and, thus, must be modified and set aside. Specifically, this court finds that this lawsuit is not a core proceeding and, further, that pursuant to 28 U.S.C. § 1334(c)(1) and § 1452(b) this lawsuit is ripe for abstention and should be remanded to the Mississippi state court from where it was removed here.

**BACKGROUND**

The plaintiffs' lawsuit *sub judice* against the defendants is based on common-law breach of contract and tort principles. Plaintiffs are royalty owners of natural gas wells in the Johns Field located in Rankin County, Mississippi. The defendants, excluding Transcontinental Gas Pipeline Corporation [hereinafter Transco], are lessees with working interests in plaintiffs' wells who participate in the purchase and sale of the gas produced. Defendant Transco, a purchaser of natural gas, entered into a contract in 1982 called the "Transco contract" with defendant lessees for the purchase of gas from the wells in Rankin County, Mississippi. By 1989, Transco desired a release from the obligations under the 1982 contract and, as a consequence, filed a lawsuit against defendant Knostman and other lessees[3] alleging, in part, that events "force majeure" relieved it of its contractual duties.

The event which spawned this lawsuit and its various claims was a settlement agreement reached in 1991 between the defendant Transco and Knostman in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.[4] The agreement, among other things, released Transco from its contractual duty to pay the lessees $9.00 per MCF and lowered the purchase price to approximately $3.00 per MCF.[5] The settlement also pro-

---

1. Title 28, United States Code, § 636(b)(1) governs an application for review of a magistrate's decision and recites in part:

 ... a judge may designate a magistrate to hear and determine any pretrial matter pending before the court ... A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law ...

2. Rule 72(a), Federal Rules of Civil Procedure, provides as follows:

 A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a

defect in the magistrate's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.

3. The parties have not alleged to this Court that any defendant in the present case, excluding Knostman, was a party to the case initiated by Transco in the Bankruptcy Court.

4. The only defendant involved in the bankruptcy proceeding is Knostman, trustee of the Estate of Tomlinson Interests, Inc. The petition which initiated the Tomlinson bankruptcy was filed in June, 1984.

5. Other lessees and parties to the 1982 contract also entered into a settlement with Transco on the same day as defendant Knostman.

vided substantial lump sum monies to the lessees.[6]

The plaintiff royalty owners, although not parties to the litigation in the bankruptcy court, were dissatisfied with the terms of the settlement. Plaintiffs, as royalty owners, possessed certain financial interests in the compromise since plaintiffs' profits depended upon Transco's price paid for natural gas.

Aggrieved over the provisions of the settlement reducing Transco's purchasing commitment, plaintiffs filed the present lawsuit in the Circuit Court of Rankin County, Mississippi. Defendants then removed the matter to this court pursuant to 28 U.S.C. § 1452(a)[7] and § 1334(b).[8] Plaintiffs in their complaint seek recovery against the lessees and Transco for breach of the "Transco contract"; for breach of division order contracts between lessees and royalty owners; for breach of implied obligations; for failure to pay royalties; and for tortious breach and interference with contractual relations. The plaintiffs request that this court award them compensatory and punitive damages resulting from the alleged breach of the various contracts or, in the alternative, plaintiffs desire a payment of royalties under the terms of the 1982 Transco contract.[9]

## SUBJECT MATTER JURISDICTION

■ Title 28 U.S.C. § 1452 states that "a party may remove a claim or cause of

action in a civil action ... to the district court for the district where such civil action is pending, if such district has jurisdiction of such claim or cause of action under section 1334 of this title." Title 28 U.S.C. § 1334(b) provides that "... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." (emphasis added). Thus, this court has subject matter jurisdiction to hear this case removed from state court if the controversy is at least "related to" a case under Title 11. For an action to be "related to" a case under Title 11, the test applied by the Fifth Circuit is " 'whether the outcome of that proceeding [the state court action] could *conceivably* have any effect on the estate being administered in bankruptcy.' " *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)). *E.g., Matter of Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir.1988); *Da Silva v. American Sav.*, 145 B.R. 9, 11 (S.D.Tex.1992). *Accord In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 264 (3rd Cir.1991); *In re A.H. Robins Co.*, 788 F.2d 994, 1002 n. 11 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Dogpatch, U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987); *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988); *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir.1990); *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.

**6.** The complaint alleges that the defendant lessees collectively received over $44,000,000.00 for terminating the 1982 Transco contract.

**7.** Title 28, United States Code, § 1452 provides as follows:
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court in a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

**8.** Title 28, United States Code, § 1334(b) provides as follows:
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the

district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**9.** Knostman is the only defendant involved in the bankruptcy proceeding (as the trustee of the estate of Tomlinson Interests, Inc.). As to Knostman, however, all of the acts which are the subject of plaintiffs' complaint are alleged to have occurred in 1991 and are, thus, post-petition acts. As such, Knostman may be sued in regard to these acts without leave of the bankruptcy court pursuant to 28 U.S.C. § 959. *See Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 56–57 (2nd Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977), and *In re Revere Copper and Brass, Inc.*, 29 B.R. 584, 588 (S.D.N.Y.1983).

1990). The present suit, in part, attacks a settlement agreement reached in the Bankruptcy Court in Houston, Texas, between defendant Knostman and defendant Transco. Any monetary judgment and/or injunctive relief that may be obtained by the plaintiffs in the present case would clearly have an impact on the estate being administered in bankruptcy. Plaintiffs could seek enforcement of a judgment against Knostman in the United States Bankruptcy Court for the Southern District of Texas, and such action certainly would affect the affairs in bankruptcy. Accordingly, the jurisdictional prerequisites under § 1334(b) have been satisfied.

■ Plaintiffs, however, contend that this court is without jurisdiction to hear this case because the defendants improperly filed their removal petition with the district court instead of with the bankruptcy court clerk. Title 28 U.S.C. § 1452(a) states that a state court case may be removed "to the *district court* for the district where such civil action is pending." The plain language of the statute supports removal of a case related to bankruptcy to the district court for filing with the district court clerk. The district court may then refer the action to the bankruptcy court in

accordance with 28 U.S.C. § 157(a).[10] Although some jurisdictions have interpreted bankruptcy statutes to support removal directly to the bankruptcy court, *Hendersonville Condominium Homes, Inc. v. Contractors Performance Corp.*, 84 B.R. 510, 511 (M.D.Tenn.1988), this court is in agreement with those jurisdictions which hold that removal should be to the district court clerk for possible referral to the bankruptcy court.[11] *Centrust Savings Bank v. Love*, 131 B.R. 64, 65–66 (S.D.Tex.1991), and *Helena Chemical Co. v. Manley*, 47 B.R. 72, 75 (N.D.Miss.1985).

## CORE/NON–CORE DISTINCTION

■ The Magistrate–Judge's Order transferring this lawsuit to the Bankruptcy Court in Houston, Texas, relies upon the implicit finding that the proceedings before this court are "core" bankruptcy proceedings. The significant distinction between "core" and "non-core" lawsuits is that in a "core" case, the bankruptcy judge may enter a final judgment pursuant to 28 U.S.C. § 157(b)(1)[12] subject to review on appeal by the district court under 28 U.S.C. § 158(a).[13] In a "non-core" case, the role of the bankruptcy judge is similar to that

10. Title 28, United States Code, § 157(a) states:
Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

11. This court earlier upheld the removal of a non-core, bankruptcy related case directly to the bankruptcy court in the case of *Morgan v. Bruce,* Civil Action No. H87–0001(W). However, the holding in *Morgan,* which exhaustively canvassed the juridical terrain of cases addressing this dispute, was limited to the facts in that particular case. This court did not find that removal to the bankruptcy court was mandated generally. Rather, this court ruled that a number of circumstances peculiar to that case allowed removal to the bankruptcy court. The bedrock holding of *Morgan* certainly makes the point since this court stated therein that "[t]his court is persuaded that Congress' intent is that removal petitions under § 1452(a) should now be filed with the District Court, where under 28 U.S.C. § 157(a), the case may then be referred to the Bankruptcy Court." *Morgan v. Bruce,* No. H87–0001(W), at 13 (S.D.Miss. Feb. 1, 1993) (order affirming jurisdiction of bankruptcy

court). Thus, this court, now as it did then, finds that pursuant to the plain language of the removal statute, 28 U.S.C. § 1452(a), removal of a state court action, even if related to a bankruptcy proceeding, should be filed with the clerk of the district court.

12. Section 157(b)(1) states as follows:
(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

13. Section 158(a) states as follows:
The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

of a magistrate in that, without consent of the parties, the bankruptcy judge may only submit proposed findings of fact and conclusion of law to the district court. *See* 28 U.S.C. § 157(c)(1);[14] *see also In re Cinematronics, Inc.,* 916 F.2d 1444, 1449 (9th Cir. 1990).

■ Title 28 U.S.C. § 157 does not define what constitutes a "core" proceeding and, thus, the courts have attempted to carve out a workable meaning. Under 28 U.S.C. § 157(b)(2),[15] the statute does contain a nonexhaustive list of "core" proceedings. Such matters include allowance or disallowance of claims; proceedings to determine, avoid or recover preferences; motions to terminate, annul, or modify the automatic stay; confirmations of plans; and objections to discharges. Title 28 U.S.C. § 157(b)(2) also provides two "catch-all" categories of "core" proceedings which are: (1) matters concerning the administration of the estate; and (2) other proceedings affecting the liquidation of the assets of the estate. *See* Title 28 U.S.C. § 157(b)(2)(A) and (O).

Plaintiffs' suit, which is premised on state claims, clearly does not fall within any of the statute's specific examples of core proceedings.

So, next we turn to the definitional tests for core proceedings enunciated by the federal courts. The leading case defining core proceeding in the Fifth Circuit is *Matter of Wood,* 825 F.2d 90 (5th Cir.1987). Initially, the Fifth Circuit determined that the "catch-all" provisions in the statutory list of core proceedings, specifically § 157(b)(2)(O), should not be given a broad reading. The court found that such provisions must not be liberally applied because Congress, when enacting the 1984 amendments to the bankruptcy statutes, "intended to conform the bankruptcy statutes to the dictates of *Marathon.*" *Id.* at 95. Of course, in the landmark case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the United States Supreme Court held that "Congress could not vest the whole of bankruptcy jurisdiction in bankruptcy courts because the jurisdictional grant encompassed proceedings too far removed from the "core" of traditional bankruptcy powers to allow them to be adjudicated by non-Article III judges." *Matter of Wood,* 825 F.2d at 93, citing *Marathon,* 458 U.S. at 71, 102 S.Ct.

**14.** Section 157(c)(1) states as follows:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

**15.** Section 157(b)(2) provides as follows:

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

at 2871, 73 L.Ed.2d at 615. The Fifth Circuit in *Matter of Wood* went on to hold that:

> A proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. The proceeding before us does not meet this test and, accordingly, is a non-core proceeding. The plaintiff's suit is not based on any right created by the federal bankruptcy law. It is based on state created rights. [footnote omitted]. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court.

*Matter of Wood*, 825 F.2d at 97; *accord Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 189–90 (5th Cir.1990) (citing *Matter of Wood* with approval). The Tenth Circuit Court of Appeals has held similarly: "[A]ctions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir.1990) (citing *Matter of Wood* with approval).

These guideposts, applied to the present case, clearly reveal that the parties here are engaged in a non-core proceeding. Plaintiffs are not suing on a right created by the federal bankruptcy laws, nor could this suit only survive in bankruptcy court. This case, as in *Matter of Wood*, is based on state-created rights of action, namely contract and tort, and could proceed in state court. *Cf. In re Manville Forest Products Corp.*, 896 F.2d 1384, 1389 (2nd Cir.1990) (when party filed proof of claim in bankruptcy court under bankruptcy rules, such an adversary proceeding is a core proceeding even though the underlying claim is based on a state-created cause of action). Accordingly, this court finds that this case is non-core,[16] Thus, this court holds that the Magistrate–Judge's decision

which finds, or at least implies, to the contrary is clearly erroneous.

## TRANSFER OF VENUE UNDER TITLE 28 U.S.C. § 1412 OR § 1404(a)

■ Both the plaintiffs and the defendants have argued to this court that 28 U.S.C. § 1412 applies to the current dispute over venue. Title 28 U.S.C. § 1412 provides:

> A district court may transfer a case or proceeding *under title 11* to a district court for another district, in the interest of justice *or* for the convenience of the parties. (emphasis added)

The plain meaning of this statute dictates that in order to transfer under this statute, the district court first must have jurisdiction of a case *under* Title 11. Since this court has jurisdiction over this non-core matter under the "related to" jurisdictional basis of 28 U.S.C. § 1334(b), the question raised, therefore, is whether a "related to" proceeding for purposes of jurisdiction is a case "under" Title 11, for purposes of § 1412, the transfer statute.

At least four lower federal courts have held that a "related to" proceeding is not one that is "under" Title 11 and, thus, that § 1412 would not control a transfer issue in such cases. *See Murray, Wilson and Hunter v. Jersey Boats, Inc., et al.*, No. 91–7733, 1992 WL 37516, at *3, 1992 U.S.Dist. LEXIS 1986, at *9 (E.D.Pa. Feb. 21, 1992); *In re Thomson McKinnon Securities, Inc.*, 126 B.R. 833, 834–35 (S.D.N.Y. 1991); *Goldberg Holding Corp. v. NEP Productions, Inc.*, 93 B.R. 33, 34 (S.D.N.Y. 1988); *United States for the Use of Metal Trims Industries, Inc. v. Klein Construction Co., et al.*, No. 83 C 2146, Slip Opinion, 1985 WL 3020 (Oct. 9, 1985). These courts instead opted to proceed under 28 U.S.C. § 1404(a), the general venue statute to the issue of transfer.

The reasoning of these decisions is convincing. Specifically, the above courts point out that the predecessor to § 1412, 28 U.S.C. § 1475, stated:

---

**16.** Significantly, the question of a case being "core" or "non-core" does not affect the jurisdic-

tion of *this* Court to hear the matter, *see* 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a).

A bankruptcy court may transfer a case under title 11 or a proceeding arising under *or related to such a case* to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties. (emphasis added)

The phrase "related to such a case" is deleted from the current rendition of § 1412 which, according to these cases, evidences an intent by Congress to follow the pronouncements of the United States Supreme Court in the *Marathon* case to limit the authority of an Article I bankruptcy court. *See e.g., Jersey Boats,* 1992 WL 37516, at *3, 1992 U.S.Dist. LEXIS 1986, at *8–9. This court concurs with this reasoning and this perspective on the statute. Hence, this court holds that the plain meaning of the omission in § 1412 supports the conclusion that § 1412 no longer applies to "related to" proceedings.

This court further agrees with the aforementioned authorities that disputes relative to change of venue in "related to" proceedings should be governed by 28 U.S.C. § 1404(a),[17] the general change of venue provision for all civil actions. *Jersey Boats,* 1992 WL 37516, at *4, 1992 U.S.Dist. LEXIS, at *8–9. One can easily discern that the two statutes, *see infra* n. 17 for § 1404(a) and *supra* p. 706 for § 1412, are strikingly similar. Indeed, at least one court has stated that there is little reason for distinguishing between the two statutes. *In re Thomson McKinnon Securities, Inc.,* 126 B.R. 833, 834–35 (S.D.N.Y.1991), quoting *In re Spillane,* 884 F.2d 642, 645 n. 6 (1st Cir.1989).

### A. TRANSFER UNDER 1404(a)

The court now focuses its attention on § 1404(a), as the proper statute under which to view defendants' motion to transfer this action to the Bankruptcy Court in Houston, Texas.

■■■ Transfer under § 1404(a)[18] may properly be made only where the court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all the defendants if it had been the original forum. *Frazier v. Commercial Credit Equipment Corp.,* 755 F.Supp. 163, 165 (S.D.Miss.1991), citing *Shutte v. Armco Steel Corporation,* 431 F.2d 22, 24 (3rd Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). In deciding whether to transfer an action under § 1404(a) to another district or division, where it "might have been brought," the court must consider whether the interests of the convenience of the witnesses and parties, as well as the interest of justice are served thereby. The movant seeking transfer pursuant to § 1404(a) has the burden of establishing, by reference to particular circumstances and by a preponderance of the evidence, that the transferee forum·is clearly more convenient and that transfer is proper. *Davidson v. Exxon Corporation,* 778 F.Supp. 909, 911 (E.D.La. 1991). "[T]he defendant must make a convincing showing of the right to have the case transferred since § 1404(a) provides for transfer 'to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.'" *Southern Investors II v. Commuter Aircraft Corporation,* 520 F.Supp. 212, 218 (M.D.La.1981), quoting *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). When considering a motion to transfer pursuant to § 1404(a), federal courts have considered a number of .factors outside the three enumerated in the statute. Some of these factors are: location of counsel; the location of books and records;[19] ease of

---

**17.** However, this court is aware that other jurisdictions, although not analyzing the issue, have applied § 1412 when considering transfer of a "related to" proceeding to another district court. *See e.g., Thomasson v. Amsouth Bank, N.A.,* 59 B.R. 997, 999–1000 (N.D.Ala.1986).

**18.** Section 1404(a) provides as follows:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**19.** As is the case with witnesses, general allegations that transfer is needed because books and records are unavailable in the original forum is not enough, the movant must demonstrate the location and importance of the documents in question. *Crawford & Company v. Temple Drilling Company,* 655 F.Supp. 279, 281 (M.D.La. 1987) citing 15 Wright & Miller & Cooper, *Federal Practice and Procedure,* § 3853 pp. 437–38 (1986).

access to proof; where the case can be tried expeditiously and inexpensively; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. This last factor is very influential and should rarely be disturbed unless the balance is strongly in the defendant's favor. *Eddy v. Inland Bay Drilling & Workover, Inc.,* 784 F.Supp. 370, 375 n. 10 (S.D.Tex.1992); *see also Sorrels Steel Company, Inc. v. Great Southwest Corp.,* 651 F.Supp. 623, 628 (S.D.Miss.1986). However, the general rule that the plaintiff's choice of forum is not to be disturbed does not obtain where it is clearly outweighed by other factors. *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir.1981), *cert. denied,* 456 U.S. 919, 102 S.Ct. 1777, 72 L.Ed.2d 180 (1982).

 Once the court determines that transfer to a district other than that selected by the plaintiff would be more convenient for the parties and witnesses, the court must still determine whether transfer would be in the interests of justice. *Frazier v. Commercial Credit Equipment Corp.,* 755 F.Supp. 163, 167 (S.D.Miss. 1991), citing *Ferens v. John Deere Co.,* 494 U.S. 516, 521–23, 110 S.Ct. 1274, 1279, 108 L.Ed.2d 443 (1990) (§ 1404(a) "permits a transfer only when convenient and 'in the interests of justice'"). The "interests of justice" component of § 1404(a) may, in itself, be determinative of the decision to allow a transfer, even where the convenience of the parties and witnesses would call for a different result. *Frazier,* 755 F.Supp. at 167, citing *Lemke v. St. Margaret Hospital,* 594 F.Supp. 25, 28 (N.D.Ill. 1983). One significant element relating to "the interest of justice" is the desire to avoid a multiplicity of litigation from a single transaction. *Continental Grain Company v. The FBL—585,* 364 U.S. 19, 24–26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960). Another important factor is the efficient administration of the court system, *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986). *Accord Ferens,* 494 U.S. 516, 529, 110 S.Ct. 1274, 1283, 108 L.Ed.2d 443 (1990) (consideration of the interests of justice "must include the convenience of the court").

 In the case *sub judice,* the defendants, as movants, have simply not shown by a preponderance of the evidence that plaintiffs' choice of a Mississippi forum should be disturbed. Significantly, defendants have provided little, if any, factual support for their position other than unverified statements of counsel. In oral arguments before this court, counsel's primary argument for transfer was that the United States Bankruptcy Court for the Southern District of Texas is intimately familiar with the bankruptcy proceedings which are implicated here. Defendants aver that because the bankruptcy case has been in existence since 1984, the bankruptcy judge has acquired valued experience and expertise. But, while the bankruptcy court in Houston does have particular knowledge about defendant Knostman's matter in bankruptcy, and is perhaps familiar with the settlement agreement entered into by the defendant, the defendants have not explained how the bankruptcy court might be more competent to hear a state cause of action against non-bankrupt defendants. In response to this concern, defendants merely say that they "can stand on their own" in bankruptcy court. If plaintiffs had pursued defendant Knostman alone, the argument for transfer to the bankruptcy court would be more persuasive, particularly since that court has overseen the Knostman settlement agreement that eventually lead to the instant action. However, with added defendants, a balancing of the requisite factors clearly tips in favor of the plaintiffs' choice of forum.

Plaintiffs, all Mississippi residents, have shown that they would be financially burdened if compelled to litigate in Houston, Texas. Many of whom may be called as witnesses, plaintiffs have filed affidavits attesting to the substantial financial hardship which would occur if this case is transferred. Contrari-wise, all of the defendants are currently, or have previously, litigated oil and gas suits in Mississippi. Further, the defendants have not demonstrated to this court that company books,

records and other proof are more accessible in the foreign forum. Nor have defendants offered proof of possible prejudice in a forum, delay and convenience of counsel which would show that the Houston bankruptcy court should hear this case. The place of the alleged wrong is indeed in Houston, Texas, and defendant Knostman resides there. However, these facts alone do not undermine the weight of facts in support of maintaining the lawsuit in the present forum.

The "interest of justice" prong also militates against transfer pursuant to § 1404(a). Most importantly, as mentioned previously, seven defendants in the present case are not in bankruptcy and defendants fail to explain why these parties should be required to litigate in the bankruptcy court. In fact, counsel for the defendants, in oral arguments, conceded that the non-bankrupt defendants may have to be dismissed if the case is transferred. Thus, the threat of multiple litigation warrants retaining jurisdiction in this state.

Further, all of the defendants have litigated or currently are litigating suits in Mississippi. Plaintiffs point out that defendant Knostman has previously removed seven cases to this court and all have been remanded to state court. Defendants, however, attempt to distinguish this case from the others by arguing that this case, unlike the earlier suits, does not involve well blowouts. In oral arguments, defendants characterized the well blowout cases as suits which involved a separate and distinct tortious act unrelated to a bankruptcy proceeding. This case, says the defendants, is different because it is a "core" proceeding that concerns a claim to a prepetition asset, namely the 1982 Transco contract.

Firstly, defendants erroneously argue that this case is a "core" proceeding. *See supra,* pp. 704–06. Next, defendants seemingly fail to acknowledge that plaintiffs have alleged the state causes of actions of tort and contract which arose in 1991 and, thus, are based on post-petition events. Plaintiffs are not simply suing on the 1982 Transco contract but also for breach of division order contracts, breach of implied obligations, failure to pay royalties, and tortious breach and interference with contract. Significantly, the 1982 contract was not only executed between the bankrupt trustee, Knostman, and Transco. The other defendant lessees, including the seven defendants herein, also were parties to the agreement. Thus, the defendants have not shown that a suit which asserts state actions against several non-bankrupt defendants is the type of case which should be heard in bankruptcy court.

Thus, without substantial facts to support a claim for transfer under § 1404(a), this court finds that defendants' arguments for transfer are unpersuasive and the Magistrate–Judge's decision to transfer this lawsuit to the Bankruptcy Court in Houston, Texas, is clearly erroneous.

## ABSTENTION AND REMAND UNDER 28 U.S.C. § 1334(c)(1) AND § 1452(b)

Pursuant to Title 28 U.S.C. § 1334(c)(1) and § 1452(b), plaintiffs argue that the peculiar circumstances of this dispute counsel this court to abstain and remand this matter to state court. The court agrees.

Title 28 U.S.C. § 1334(c)(1) states that:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Title 28 U.S.C. § 1452(b) provides that:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Under § 1334(c)(1) and § 1452(b), the federal courts have carved out several factors which should be considered on the question of abstention. These factors include:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;

(2) extent to which state law issue predominate over bankruptcy issues;

(3) difficulty or unsettled nature of the applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*See In re Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir.1990); *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.,* 130 B.R. 405, 407–08 (S.D.N.Y.1991); and *Western Helicopters, Inc. v. Hiller Aviation, Inc.,* 97 B.R. 1, 2 (E.D.Cal.1988).

These factors, applied to the case *sub judice,* persuade this court that this case should be remanded to state court. The reasons are apparent, as amply demonstrated by the foregoing discussion. This case involves questions of state law. Although both Texas and Mississippi law may apply, the Mississippi state courts are certainly capable of hearing and resolving issues under the law of her sister state. Next, this action mainly concerns parties who have no connection to the bankruptcy court. This matter is but "related to" the bankruptcy case in Houston, Texas, and jurisdiction would not exist in this court but for the defendant who is a trustee in bankruptcy, i.e., no independent basis for federal jurisdiction exists. Then, plaintiffs quite possibly might be deprived of a jury trial in Texas and defendants have made no persuasive argument that a remand to state court would disrupt the efficient administration of the bankrupt estate. In sum, defendants have simply offered no factual proof justifying retention by this court of the current action, and since many of the factors support a state court adjudication of this case, this court is persuaded that equity favors a remand to state court.[20]

Finally, this court has considered the option of transferring only the claims against defendant Knostman to the bankruptcy court. However, after careful consideration, this court declines to separate the claims and parties because such action could result in inconsistent judgments, in-

---

**20.** This is not the first time that defendant Knostman has removed a post-petition Johns Field suit to federal court on the grounds of alleged bankruptcy jurisdiction under § 1334. Without exception, such cases have been remanded by the judges of this division and by a bankruptcy judge and a district court judge in Alabama pursuant to § 1452(b) and § 1334(c)(1). *Jones v. Halliburton Co.,* No. J85–1004(W) (Magistrate Singletary ordered remand, affirmed by this court); *Jaco v. Halliburton Co.,* No. J86–0646(L) (Magistrate Singletary ordered remand, affirmed by Judge Lee); *Lutts v. Halliburton Co.,* No. J86–0648(B) (Magistrate Singletary ordered remand); *Sullivan v. Halliburton Co.,* No. J86–0742(L) (Magistrate Singletary ordered remand, affirmed by Judge Lee); *Texas Snubbing Control, Inc. v. Knostman,* No. J87–0241(L) (Magistrate Countiss ordered remand); *Parker v. Halliburton Co.,* No. J87–0065(B) (Judge Barbour ordered remand); *Vanderford v. Halliburton Co.,* No. J87–0064(W) (this court ordered remand); *Thomasson v. Amsouth Bank, N.A.,* 59 B.R. 997, 1002 (N.D.Ala. 1986) (Alabama district court judge adopted bankruptcy judge's order of remand).

vade the right to a jury trial, and would not promote the efficient administration of justice.

## CONCLUSION

This court finds that the decision of the Magistrate–Judge to transfer this matter to the United States Bankruptcy Court for the Southern District of Texas is clearly erroneous and contrary to law. Further, this court determines that this entire action, including all of the claims and parties, should be remanded to the Circuit Court of Rankin County, Mississippi, pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).

**SO ORDERED AND ADJUDGED.**